## 50519. WATKINS et al. v. COBB COUNTY COMMISSION et al.

STOLZ, Judge.

The plaintiffs, husband and wife and residents of Cobb County, sued the Cobb County Commission, a Fulton County developer (Cobock Corp.), and Cobock's surety (Aetna Insurance Co.) for damages arising out of sewage overflowing into their home when Cobock, while making a tie-in from its condominiums to the county sewerage system authorized by a permit from the commission, allowed some adhesive-sealant to get into the tie-in, thence blocking the sanitary sewerage system and making it overflow into the storm sewerage system, thence onto the plaintiffs' property. The alleged basis of the commission's liability is that it "was at all times legally responsible for the supervision and control of Cobock Corporation's use of said public sewer and is therefore liable for its failure to so act." Upon the commission's motion for summary judgment, it appeared that the commission removed the blockage from the sewerage system on the same day it occurred. The plaintiffs appeal from the grant of the summary judgment. *Held:*

" 'The construction, installation and maintenance of a sewer-drainage system (including that for surface water) is a governmental function of the city. . . "It seems well settled in this State that in the negligent performance of its governmental duties a municipal corporation is not liable in damages to one who is injured while the municipality is engaged in the performance of such duties." . . .' . . .[A] municipal corporation can nevertheless be held liable with respect to these activities on the theory of nuisance. . . and on the theory of taking or damaging for public purposes without just and adequate compensation being first paid. . ." *Turk v. City of Rome,* 133 Ga. App. 886 (1, 3) (212 SE2d 459) and cits. The fact that the present suit was brought against a county rather than against a city makes no difference, for " 'under [the constitutional provision] cities, counties, and all other public organizations . . . are all upon an equal footing. . .' *Barfield v. Macon County,* 109 Ga. 386, 387 (34 SE 596)."

*Richmond County v. Williams,* 109 Ga. App. 670, 674 (137 SE2d 343).

No action was authorized on the theory of nuisance, since the evidence shows that the condition was abated promptly by the defendant county. See *Baranan v. Fulton County,* 232 Ga. 852, 854, 855 (209 SE2d 188) and cits. Cf., *Gleaton v. City of Atlanta,* 131 Ga. App. 399, 402 (3) (206 SE2d 46) and cits.

Nor was an action authorized on the theory of taking or damaging for *public purposes.* "While the constitution declares that private property shall not be taken or damaged *for public use* without just compensation, the taking or damaging referred to must be by some authority empowered by law to do those acts; and before a recovery can be had against a county for taking or damaging private property, *it must be shown that the proper authorities of the county were responsible for the taking or damaging, or that they ratified it* after the property was so taken or damaged." (Emphasis supplied.) *County of Bibb v. Reese,* 115 Ga. 346, 347 (41 SE 636). No *public* use or purpose was involved here, but merely the tying-in of a *private* development into the public sewerage system *by the private developer.* The developer, not the the county, was responsible for the "taking or damaging," and the commission, rather than ratifying the act, moved swiftly to repudiate it and correct its resulting damage.

Accordingly, the trial judge properly granted the summary judgment in favor of the defendant county commission.

*Judgment affirmed. Bell, C. J., Quillian, Clark, Webb. and Marshall, JJ., concur. Pannell, P. J., concurs in the judgment. Deen, P. J., and Evans, J., dissent.*

ARGUED APRIL 9, 1975 — DECIDED MAY 8, 1975 — REHEARING DENIED JULY 3, 1975 —

*Jesse M. Cleveland, Jr.,* for appellants.
*Robert J. Grayson, Ward D. Hull,* for appellees.

EVANS, Judge, dissenting.
Jack S. Watkins and Sandra B. Watkins, husband

and wife, sued Cobb County and Cobock Corporation because of permanent damages to their home and certain other damages. It was alleged that plaintiffs owned a house and lot at 1981 Springs Drive in the City of Marietta, Cobb County, Georgia, where they resided, together with other members of their family. They alleged that *the Cobb County roads and sewer system are under the management and control of the Commissioners of Cobb County.* About one-half block from the home of plaintiffs, and at a higher elevation than was their home, on or about March 14, 1973, the aforesaid commissioners granted to Cobock Corporation a permit to connect a sewage and drainage system as to certain houses it was building, to the Cobb County sewage and drainage system. Plaintiffs' home was connected to and served by the Cobb County sewage and drainage system, and anything that adversely affected such system near their home would adversely affect plaintiffs.

After granting the permit to Cobock, the Cobb County Commissioners gave no further supervision or attention to the way and manner in which Cobock operated its newly connected sewage system nor to the Cobb County sewage system at this place.

Cobock caused to be discharged into the Cobb County sewage and drainage system a substance known as an adhesive-sealant, which formed a solid mass in said sewage system, completely blocking the Cobb County sewage system and causing it to overflow and back up so that foul polluted fecal matter and water were forced to overflow into plaintiffs' home, permanently damaging their house and furnishings, as well as injuring the health of plaintiff and causing loss of time from work, and loss of many personal possessions.

The trial judge granted Cobb County's motion for summary judgment, leaving Cobock as the sole defendant in the case. It seems proper at this point to cite the reasons the judge gave for granting the summary judgment to Cobb County, and to make appropriate comment, in parentheses, following each of these reasons. The trial judge states:

1. "Code Ann. § 23-1502 provides that a county may not be liable for its actions unless specifically made so by

*Statute."* (This is true, but the Supreme Court of Georgia has held that where private property is taken for public purposes without just and adequate compensation being first made, this wrong is actionable, and no statute is needed. We will cite authorities later.)

2. "The complaint was not sufficient to allege an action of *condemnation* by Cobb County against the plaintiffs, and establishes merely a *negligence action."* (This also is true, but a county can wrongfully take or damage private property in many ways besides condemnation proceedings; and if it *negligently* does so, it is liable. We will cite ample authorities later.)

3. "There is no *specific statute* allowing a recovery against a county under such circumstances." (Again true, but no statute is needed; the Constitution of Georgia, Code Ann. § 2-301, is all that is required and is quite ample.)

4. "The management of its sewage system was a *governmental function* of the Commissioners of Cobb County, and even if negligent in maintaining its sewage system, no liability would result, citing *City Council of Augusta v. Cleveland,* 148 Ga. 734 (98 SE 345)." (A city cannot hide behind the excuse "governmental function" when it takes or damages private property; the very authority above cited by the lower court shows the government's liability in such cases, in headnotes 2, 3, 4, and 5. We will also cite other authorities so holding. Neither can counties hide behind the governmental immunity.)

I respectfully dissent from the majority opinion and set forth the reasons given by the learned judge because they are the same reasons advocated by counsel for Cobb County in its brief. Thus we can come to an easier and earlier understanding of the issues in this case.

Further, to better understand the issues, I feel it proper here to comment on the majority opinion, the essentials of which are completely untenable and erroneous.

*Majority opinion.* The majority opinion in one instance fortifies this dissent, but in other instances, makes completely untenable and unwarranted contentions and statements.

(a) At pages 324 and 325 of the majority opinion it is

admitted that both counties and municipalities are all on equal footing as to the constitutional inhibition against taking or damaging private property for public purposes without just and adequate compensation being paid. It cites *Barfield v. Macon County,* 109 Ga. 386, 387 (34 SE 596), and *Richmond County v. Williams,* 109 Ga. App. 670, 674 (137 SE2d 343).

(b) The majority urges that the constitutional protection of private property does not come into play *unless it be shown that the proper authorities of the county were responsible for the taking or damaging, or ratified same after the taking.* Surely, the majority has overlooked paragraphs 1 and 10 of the original complaint; and paragraphs 1, 6 and 10 of plaintiffs' amendment or third party action.

(c) The majority opinion states that "no public purpose was involved here." The answer to this erroneous statement is found in *City Council of Augusta v. Cleveland,* 148 Ga. 734 (2, 3), supra, and in other authorities we shall cite later herein. The majority says *this was "merely the tying-in of a private development into the public sewerage system by the private developer."* What stronger language could be used to show this was a *public purpose?* The whole system became *one system* with the completion of the tie-in.

(d) The majority says the *developer, not the county,* is responsible for the taking and damaging. According to *Mayor v. Donnelly,* 71 Ga. 258, the act of the developer was the act of Cobb County and both were responsible. Further, *City of Augusta v. Cleveland,* 148 Ga. 734 (3), supra, leaves it beyond all question that it was the duty of the county to so maintain and care for its public sewage so as *not to allow it to be become clogged up by foreign matter.*

(e) The majority opinion (p. 325) erroneously recites that: "the commission, rather than ratifying the act, moved swiftly to repudiate it *and correct its resulting damage."* Not a word or line in the entire record shows that Cobb County did one thing to *correct its resulting damage.* It did not clean one single rug and remove the stench therefrom so it would be usable again! It did not brush the fecal matter off one single sofa and have it

cleaned so it would be usable again! It did nothing except to clean out the sewer, but as has been so truthfully said: "It is too late to lock the stable after the horse has been stolen."

1. As to whether or not there is a statute as provided by Code § 23-1502, specifically allowing a county to be sued, let us move forward and upward and look to the Constitution of Georgia, Section III, Paragraph I, Article I (Code Ann. § 2-301), to wit: "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid, . . ." That is exactly what was done here. Plaintiffs were members of the public and their property was connected to Cobb County's public sewage system. But other members of the public desired to move into Cobb County and it would become necessary for them to dispose of their sewage. The Cobb County Commissioners decided to allow these new homes, erected by Cobock, to be connected with the public sewage system of Cobb County. *All of it was for a public purpose!* The complaint alleged that the Cobb County Commissioners *had the duty of managing and controlling the Cobb County sewage system,* (which of course included any new system they permitted to join onto and become a part of the existing public sewage system). If the Commissioners had determined the sewage system was already carrying its full capacity of sewage, they could have refused to allow Cobock or any other person to connect and join the existing system.

Thus, it is palpably clear that plaintiffs' property was taken for a public purpose without just and adequate compensation being first (or at any time) paid.

2. But the trial judge points out that Code § 23-1502 provides that a county is not liable to suit unless made so by statute. This statute does so provide, *but it must give way to that higher mandate — the Constitution of Georgia, Code Ann. § 2-301.* This is clearly explained in a most recent decision by the Supreme Court of Georgia (May 14, 1974) to wit: *Baranan v. Fulton County,* 232 Ga. 852 (209 SE2d 188), and at page 856, as follows:

"Code § 23-1502 provides: 'A county is not liable to suit for any cause of action unless made so by statute.'

"It has been repeatedly held that a right of action

arises by necessary implication against a county when it violates a constitutional right of a citizen. See *Waters v. DeKalb County,* 208 Ga. 741, 745 (69 SE2d 274).

"The appellee concedes that the declaration of the Constitution that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid (Constitution, Art. I, Sec. III, Par. I; Code Ann. § 2-301) gives rise to an action for damages against the county for injuries to private property caused by public improvements." In *Waters v. DeKalb County,* 208 Ga. 741, supra, at page 745, it is held: "There is no inconsistency between the ruling presently made (holding the county liable) and Code § 23-1502, which provides that a county is not liable to suit for any cause of action unless made so by statute. A right of action arises by necessary implication against a county when it violates a constitutional right of a citizen."

Thus, whether or not a statute exists making a county liable for a certain act, the county is liable if it takes or damages private property for public purposes without first payment of just and adequate compensation. We may not have a statute—but we have what is better, to wit: Code Ann. § 2-301 of the Constitution of Georgia.

3. Next, the judgment states that the complaint was not sufficient to show a condemnation proceeding. Indeed it was not! This was not a condemnation proceeding under the power of eminent domain; it was the bold and bald taking and damaging of private property without condemning it! And the county cannot excuse itself by saying: "I did not condemn your property — although I ruined it — and you can't sue me."

There are numerous ways of taking and damaging private property for public purposes without instituting condemnation proceedings. Some of the cases which hold that a county may be held liable for taking private property *even though there is no condemnation proceeding,* are: *Smith v. Floyd County,* 85 Ga. 420 (2) (11 SE 850), at page 423, where the roadway was elevated so as to hinder access to the lot from the road; *Barfield v. Macon County,* 109 Ga. 386, supra, where the road was worked so as to cause water to overflow onto the plaintiff's lands; and at page 388 it is made plain that whether the

results *constituted a nuisance or not was immaterial;* it was the taking by damaging the property that rendered the county liable. In *County of Bibb v. Reese,* 115 Ga. 346 (1) (41 SE 636), it is held that the owner of property abutting a public road is entitled to compensation because of a change in the grade of the road, his only requirement being that he show that those who caused the change in grade had the power to do so.

In *City of Atlanta v. Donald,* 111 Ga. App. 339 (3) (141 SE2d 560), and at page 343, it is made crystal clear that property must be paid for as taken for public purposes, even though no condemnation has been instituted and that low-flying airplanes may so interfere with the use of the property as to "take it" and require payment of compensation under the constitutional guarantee previously quoted. Many cases are cited so holding at pages 343-344.

4. Finally the judgment recites that the county in management of its sewage system, was engaged in a *governmental function,* and even though negligent, could not be held liable, and cites in support *City of Augusta v. Cleveland,* 148 Ga. 734 (1), supra. But let us read further in the *Cleveland* case, supra. It holds in headnote 2 that preservation of the public sewage system has reference to *preservation of the public health,* and in headnote 3 it holds that cleaning and keeping the system unclogged of dirt or *other foreign substances* is a necessary work in proper maintenance of the system and is a work connected with the *public health;* again in headnote 5 it holds that negligence in cleaning out the sewer system, whereby one who was not negligent was injured, *would render the city liable.*

This is an excellent decision in support of plaintiffs' case. It holds that even though engaged in a *governmental function,* the city was liable for *negligence* respecting the maintenance of its public sewage system; and further that it has a duty to keep it unclogged of dirt or other foreign substance, and is a work connected with the public health.

Isn't this authority sufficient then to show plaintiffs were entitled to prevail against the motion for summary judgment?

In *City of Atlanta v. Robertson,* 36 Ga. App. 66 (2)

(135 SE 445), it was held that even though a city is engaged in a *governmental function in maintenance of its sewerage system,* if that system causes a defect in the street, the city is liable.

5. Did the city have any duty to superintend and manage the sewage system, both the old and the new? In *Mayor v. Donnelly,* 71 Ga. 258, it was held that when the city gave permission to another to open a ditch across a street in the city, in order to connect the water pipes of a private person with the city water works, *that was in effect the opening of the ditch by the city itself; and the city was liable to one who was injured by the careless and negligent manner in which the work was done.* "It was the duty of the city to have superintended and overlooked the work which it permitted to be done on its streets, and to have seen that it was done in such manner that no injury should have come to passers on the streets from defects therein."

In *City of Atlanta v. Kenny,* 83 Ga. App. 823 (1, 2) (64 SE2d 912), even though the contractor may commit all of the negligence in the case, the city which allowed him to do the job is jointly liable with him.

Thus there is no question that defendant, Cobb County, was liable, and was obligated to superintend Cobock's operations and was responsible for its negligence. Actually, the work was the work of Cobb County and Cobock.

6. In *Clarke County School District v. Madden,* 99 Ga. App. 670 (110 SE2d 47), it was held that although the public body had a perfect right to change and grade the road, which resulted in damages to plaintiff, but yet plaintiff must be paid, and this pertinent language at page 675 is used: "The work done is to be treated as rightful in all respects *save in the omission to pay compensation.*" (Emphasis supplied.) So let it be repeated and emphasized: Plaintiffs had no obligation to show that a *nuisance* was created; they had no obligation to show that *condemnation* was instituted; they only had to show their property was *damaged* and then their rights under the Constitution of Georgia (Code Ann. § 2-301) must be given full force and application. *Governmental function* was not a stump behind which Cobb County could hide in

this case; the absence of a specific statute on this question mattered not one iota; the authority of Cobb County Commissioners to maintain and manage the public sewage system was for a public purpose (preservation of the public health), and Cobb County should not have been allowed to escape on motion for summary judgment.

7. Finally, let it be remembered that this is a *motion for summary judgment* granted to movant. I desire to call attention to *Holland v. Sanfax Corp.*, 106 Ga. App. 1, at 4-5 (126 SE2d 442); and *McCarty v. Nat. Life &c. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408), which pronounce these principles: The burden is on the moving party to establish the lack of a genuine issue of fact and any doubt is resolved against the movant; the party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences; if more than one inference may be drawn, the duty of solving the mystery should be placed upon the jury and not on the trial judge. And in the case of Carroll v. Morrison Hotel Corp., 149 F2d 404 (CCA 7) the construction of pleadings must be in the light most favorable to plaintiff and the truth of all facts well pleaded must be admitted, even facts alleged on information and belief.

*Conclusion.* When this case was first before the Third Division, I voted with my two colleagues to affirm the trial court in granting Cobb County's motion for summary judgment. But on motion for rehearing, I voted to grant same, as I am convinced that my original position was incorrect, and I am now seeking by this dissent to demonstrate that the motion for summary judgment in favor of Cobb County was erroneously granted.

I am authorized to state that Presiding Judge Deen joins in this dissent.