30612. BUTTS COUNTY et al. v. BRISCOE et al.
30623. CHILIVIS et al. v. BRISCOE et al.

JORDAN, Justice.

E. D. Briscoe and others, taxpayers of Butts County, brought an action against named officials of Butts County and the State Revenue Commissioner, complaining of alleged improper methods used by the tax assessors in establishing fair market value of the property of the plaintiffs, and of alleged improper performance by the State Revenue Commissioner of his duties in regard to the various counties of Georgia. The complaint prayed for injunctive relief and the declaration that certain statutes are unconstitutional.

The trial judge entered an order denying the motions of the defendants to dismiss the complaint. The county officials and the State Revenue Commissioner appeal from this order in separate appeals, which were certified for immediate review.

The allegations related to the uniformity of assessments within the county are summarized as follows: The assessed values of the properties of the taxpayers as returned by them have been arbitrarily increased by the tax assessors as a result of an illegal and nonuniform plan to increase tax assessments in Butts County. Detailed practices of the tax assessors have resulted in discrimination between different classes of taxpayers. The properties of the taxpayers have been treated in a discriminatory manner when compared to the method applied in the assessment of properties of persons and corporations making their returns to the State Revenue Commissioner. The tax statutes requiring the assessment of taxable property at "fair market value" violate the due process clauses of the State and Federal Constitutions and are unenforceable because the term

"fair market value" is so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application. The statutes providing the method of ad valorem taxation through county tax assessors (Code § 92-5701 et seq.) violate Art. VII, Sec. I, Par. III (Code Ann. § 2-5403), which requires uniformity of taxation upon the same class of subjects within the territorial limits of the authority levying the tax, because they discriminate against the plaintiffs and their property as compared to the manner in which property of railroad companies and other utility companies is assessed under Code § 92-2703 et seq. Code Ann. § 92-7008 (Ga. L. 1970, pp. 542, 543; 1972, pp. 829-831) violates the due process clauses of the State and Federal Constitutions because the words "representative number of usable transactions" is too vague and indefinite, and because the taxes of owners of personal property are affected or controlled by the ratio of real estate sales prices as to assessed values, when the standard or ratio is not related in any way and is not based on studies of sales prices and assessed values of personal property. The tax commissioner of the county is demanding and seeking the enforcement against the taxpayers of interest at the rate of 9% per annum on delinquent taxes for 1974 and prior years and such demands are contrary to Code § 92-7601.

The allegations related to the State Revenue Commissioner are: The reassessment of lands made in Butts County was partially the result of instructions given the assessors by the State Revenue Commissioner; in 1974 he discriminated in favor of taxpayers who make returns to him as against other taxpayers owning the same type of property; in 1974 he did not compare the tax digests of the various counties and cause them to be made uniform as required by law; he did not require the county officials to file their digests with him timely as required by law; he did not supervise and oversee the taxing and assessing methods and personnel in the various counties so as to require the assessment of all property at 40% of fair market value; he approved other county digests without comparing them with the 1975 Butts County digest.

By amendment an additional count was added which alleged that the taxpayers have filed individual appeals from their notices of changes of assessments by the tax assessors. Numerous attacks are made on alleged deficiencies in the procedure in handling their appeals, and several constitutional attacks are made on the laws governing the appeals.

1. In *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975), this court held that county boards of equalization have ample authority to remedy deficiencies in the uniformity of assessments required by the Constitution, including the authority to order the entire digest recompiled if such action is necessary to obtain uniformity. Code Ann. § 92-6912 (4B) and (5A) (Ga. L. 1972, pp. 1094, 1095). It was held in the *Chitwood* case that the tax equalization law provided an adequate remedy at law for the alleged lack of uniformity in county assessments, and the judgment granting injunctive relief was reversed. See also *Grafton v. Turner,* 227 Ga. 809 (183 SE2d 458) (1971).

The plaintiffs in the present case had no right to injunctive relief because of the alleged failure of the county tax assessors to make uniform assessments as between taxpayers in Butts County.

2. The complaint did not state a claim for relief because of the assertion that the tax commissioner is demanding and seeking interest at the rate of 9% per annum on 1974 and prior years' taxes, instead of the legal rate of 7% as provided by Code § 92-7601. It must be presumed that any tax executions which may be issued will bear the rate of interest prescribed by law.

Code § 92-7601 was amended in 1975 to increase the interest rate on tax executions to 9%. Ga. L. 1975, pp. 811, 812.

3. The term "fair market value" as defined in Code § 92-5702, as amended by Ga. L. 1968, p. 358 (the law in effect at the time the assessments complained of in the present case were made) is not too vague and indefinite to be enforced, and there is no merit in the constitutional attacks on the county ad valorem tax assessment statutes because of their use of this term.

4. Code § 92-5701 et seq. does not violate the

uniformity of tax requirement of the Constitution because the property of railroads and other utility companies is assessed by the State Revenue Commissioner. *Ogletree v. Woodward,* 150 Ga. 691 (105 SE 243) (1920).

Individual taxpayers have no right to challenge the factual decisions of the State Revenue Commissioner in equalizing the digests of the various counties. See *Chilivis v. Kell,* 236 Ga. 226 (1976).

5. Code Ann. § 92-7008 is not subject to the constitutional attacks made.

6. The taxpayers are not entitled to injunctive relief or a declaratory judgment as to their pending appeals from changes in their tax returns. Their rights have accrued and all legal and constitutional questions which they seek to make in this action pertaining to their appeals may be made therein.

Attention is called to *Webb v. Board of Tax Assessors,* 235 Ga. 790 (1976) in which certain constitutional attacks on the statute creating the county boards of equalization were held to be without merit.

7. The State Revenue Commissioner filed a motion to dismiss the complaint on the ground that venue is not proper as to him. Under the previous rulings herein made, the complaint did not state a claim for equitable or declaratory relief as against the defendant county officials of Butts County. The Superior Court of Butts County, therefore, had no jurisdiction of the State Revenue Commissioner, a nonresident of that county.

The trial judge erred in holding that the complaint stated a claim against the Butts County defendants, and in failing to dismiss the complaint as to the State Revenue Commissioner.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 18, 1975 — DECIDED JANUARY 27, 1976 — REHEARING DENIED FEBRUARY 11, 1976 IN CASE NO. 30612.

*Garland & Garland, Byrd Garland, Benjamin M. Garland, Hall & Bloch, J. Patrick Meyer, Jr.,* for Butts County.

*Arthur K. Bolton, Attorney General, Gary B.*

*Andrews, Assistant Attorney General,* for Chilivis.
*Dunaway & Perry, Marson G. Dunaway,* for appellees.