## 33787. WILKES v. REDDING et al.

UNDERCOFLER, Presiding Justice.

Charles L. Wilkes, a Douglas County taxpayer, brought this injunction and mandamus action against the members of the Board of Equalization of Douglas County. The trial court dismissed his suit and he appeals. We affirm.

The taxpayer appealed his property tax assessment pursuant to Code Ann. § 92-6912, not only questioning the taxability, valuation and uniformity of assessment, but also raising several constitutional issues. In addition, he filed questions to the members of the board to determine disqualification under Code Ann. § 92-6912 (8 A, B). Prior to the December, 1977, hearing, eleven more grounds for appeal were added by amendment. At that time, he and his attorney objected to the continuation of the hearing because the questions posed to the commissioners had not been formally answered under oath as required by the statute. The board overruled his objections to the hearing and to the members' disqualification, refused to require the tax assessors to be present for cross examination as the taxpayer had requested, and, when he and his attorney thereupon left the meeting, proceeded without hearing any evidence to affirm the values set by the tax assessors. The taxpayer then filed this petition for mandamus and injunction seeking to force the board of equalization to follow the procedures set out in the statute, to disqualify certain members, to require the tax assessors to appear at the hearing, and to make written rulings on each ground of his appeal. The trial court

dismissed his petition for failure to state a claim, but ordered the new 1978 board of equalization to answer formally the questions regarding disqualification.[1]

We held in *Tax Assessors of Gordon County v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975), that an appeal before a board of equalization provides an adequate remedy at law for the determination of county taxpayers' questions, making unnecessary the exercise of the equitable powers of the superior court. In *Butts County v. Briscoe,* 236 Ga. 233, 236 (223 SE2d 199) (1976), we said: "The taxpayers are not entitled to injunctive relief or a declaratory judgment as to their pending appeals from changes in their tax returns. Their rights have accrued and *all legal and constitutional questions which they seek to make in this action pertaining to their appeals may be made therein.*" Accord, *Barr v. Jackson County,* 238 Ga. 332 (232 SE2d 923) (1977). See *Chilivis v. Backus,* 236 Ga. 88 (222 SE2d 371) (1976). The board of equalization is thus the appropriate forum for deciding the taxpayer's constitutional and procedural issues as well as questions of uniformity, valuation and taxability. Therefore, this suit in equity and mandamus was unauthorized under the reasoning of *Chitwood,* supra, and *Briscoe,* supra.

The taxpayer cites, however, our ruling in *Camp v. Boggs,* 240 Ga. 127, 128 (239 SE2d 530) (1977), where we held that "only those decisions of the Board of Equalization on questions presented to it or incident thereto may be relitigated in the superior court," by the statutorily provided de novo appeal. He argues that since the board failed to answer all of his contentions, he has no "decisions" to appeal by way of the de novo statutory procedure, rendering necessary this suit in equity and mandamus.

In so arguing, he misconstrues the language in *Camp v. Boggs,* supra, which applies to all "questions presented" for decision. If the board fails to answer some of the questions submitted, such failure may be enumerated

---

[1]We express no opinion on this requirement. Since it inures to the taxpayer's benefit, he can have no complaint.

as error on the de novo appeal. Therefore, relief by way of injunction or mandamus is unnecessary in this situation. The taxpayer must raise his issues before the board and exhaust his remedies by the statutorily provided appeal. The trial court, therefore, correctly dismissed this suit for failing to state a claim.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 7, 1978 — DECIDED SEPTEMBER 6, 1978.

*Marson G. Dunaway, Jr.,* for appellant.
*William C. Tinsley, II,* for appellees.