## 60277. VADA CORPORATION v. HARRELL.

BIRDSONG, Judge.

Breach of contract of hire. The evidence shows the following circumstances. In 1952 the appellee Levy L. Harrell, together with his wife, founded a small family-owned repair business. Two years later in 1954, Harrell and his wife chartered the business as the Vada Corporation. He and his wife owned all the stock. As their sons grew older, the sons became employees and owners of shares in the family business as well. By 1976, the business had grown to a five and one-half million dollar business. Because of the physical deterioration of his health, in 1976, Harrell attempted to sell the business to third parties, but that proving unsuccessful, Harrell sold the business to his sons, taking notes of indebtedness to pay for the business. Eventually the sons were unable to keep the notes current and Harrell recaptured the business. He then negotiated the sale of the business to the present owner of Vada Corporation, Inc., Pirrung. Harrell desired that the business be reinvigorated and brought back to its original financial strength and sought to use the financial resources of Pirrung to accomplish this. Pirrung testified that Harrell had shown a lot of business sense in developing a small repair shop to a multi-million dollar business and desired this business acumen

because he (Pirrung) did not really know how to run the business. Harrell and Pirrung negotiated the sale of the business generally on the following terms. Pirrung would invest $200,000 in the corporation and, in exchange, would receive 80% of the shares of the corporation. The remainder was retained by the Harrells. Pirrung would lend the business $150,000 and take a corporate note to secure the indebtedness. The president of the corporation (Harrell's son) and the chairman of the board (Harrell) would resign and Pirrung would be appointed president and chairman of the board. The corporation would convey 7.31 acres and two ponds (the pond property) to the Harrells and pay off the outstanding indebtedness on that property so that the Harrells would take the property free and clear. Lastly, the corporation or Pirrung would employ Harrell (apparently as a consultant) at a salary of $18,000 per year. This seemingly was to afford Harrell financial security for Pirrung stated he would not see the Harrells deprived. However, the total amount of the last payment is in dispute. Harrell contended before the jury that he was employed for a term of ten years, thus he was promised payment of $180,000, payable at the rate of $18,000 per year for a period of 10 years. Pirrung on the other hand contended that the last section of the agreement amounted to nothing more than an indefinite contract for hire at an annual rate of $18,000. The transcript shows that all the portions of the sales agreement were executed except the term of employment did not provide more than employment for $18,000 a year. The corporation executed a note in exchange for the $150,000 loan advanced by Pirrung, transferred the pond property free and clear to the Harrells and received $200,000 cash from Pirrung. Pirrung was appointed president and chairman of the board. After four months of payments of $1,500 to Harrell, Pirrung "fired" Harrell and refused to make any further payments as "salary" because Harrell was no longer employed or furnishing services to the corporation. Harrell brought the present suit seeking the recovery of $175,500 ($180,000 less three payments of $1,500) based upon a breach of that portion of the contract providing for the ten years of employment. Pirrung answered denying any enforceable contract of hire because the agreement was not in writing, the duties to be performed by Harrell were not specified and thus the employment contract was not enforceable, and sought a counterclaim demanding return of certain monies allegedly overpaid to or owed by Harrell. Following a jury trial, the jury returned a verdict in favor of Harrell for $90,000. The trial court entered a judgment in favor of Harrell for $62,500 after setting off the amount of the counterclaim for which the court had directed a verdict in favor of Vada Corporation (Pirrung). Vada Corporation (Pirrung) brings this appeal alleging two enumerations

of error. *Held:*

1. In his first enumeration of error, Pirrung contends that the contract of employment was nonspecific as to duties and thus was unenforceable. We believe this assertion totally misses the nature of the contract involved. Pirrung contends that there was a contract of hire separate from the contract for the sale of the corporation. Thus, it is contended that the parties never discussed nor reduced to writing any agreement as to Harrell's duties as an employee. As we view the contract, however, the agreement was for the sale of the business, its name and good will. That agreement contained six stipulations, one of which was to employ Harrell for a period of 10 years at an annual wage of $18,000, and thus for all practical purposes was in the nature of deferred payment in the amount of $180,000 payable at the rate of $18,000 per year for a period of ten years. Pirrung agrees that the evidence supports a conclusion that that portion of the agreement pertaining to employment was for a period of 10 years but seeks to convert this portion of the consideration for the sale of the business into the separate contract for hire. That this is inconsistent with the agreement is manifested by the fact that Pirrung did not contest Harrell's testimony that the purpose of a 10-year employment was to allay Harrell's expressed concern for financial security for Harrell and his wife. Moreover, whatever Harrell did for the corporation in the way of an employee was not considered important enough before the consummation of the sale to reduce any duties to writing. In fact, manifest from the transaction is the apparent fact that Harrell wanted security for 10 years and was willing gratuitously to furnish his "know-how" to the business and help whenever and however he could. Pirrung was most willing to accept this "know-how" because, as he stated, he (Pirrung) did not know how to run a business. This mutual desire was incorporated as a part of the consideration of the sale of the business in the form of an employment status. The transcript clearly shows that Pirrung during the four months of "employment" made no objection as to the nature or manner of the performance of duties by Harrell on behalf of the corporation. These duties were in conformity with a job description solicited by a newly hired general manager (not Pirrung) because the manager did not know what duties Harrell was to perform as a consultant. *Harrell was "fired" by Pirrung because of his (Pirrung's) dissatisfaction with the condition of the books of the corporation and because Pirrung kept discovering indebtedness beyond what he had anticipated when he purchased the business.* Thus, the failure of Harrell to perform his consultant duties was caused by Pirrung's refusal to discuss the business operations which in turn was caused by Pirrung's anger at what he assumed to be a failure of consideration in the sale of the

business. The real breach of contract flows from a dispute over the sale and not because of the nonperformance of work pursuant to an employment contract. Our conclusion is that the actual sales contract in question contemplated as a part thereof an employment of Harrell by Vada Corporation for a period of 10 years with payment of $180,000 over the 10-year period as part of the consideration for the sale of the business and its good will. Whether Harrell "worked" as an employee full time or solely as an incidental "consultant" was not a critical factor to the underlying contract of sale of the business. We decline to convert a contract of sale into two entirely separate ones, one for the sale of the business and one for hire to the advantage or detriment of either party to this appeal.

From our discussion, it follows that appellant's argument that the contract of hire is too illusory to be enforceable is without merit. What Pirrung portrays as an ill-defined contract of employment for an indefinite term is in reality a 10-year contract agreement guaranteeing Harrell $180,000 over a 10-year period as a part of the consideration of the sale of the business. The terms of the six portions of the contract are clearly defined, and as indicated by its verdict, were accepted by the jury as contended by Harrell.

Moreover, the 10-year employment agreement does not fall victim to the statute of frauds. Of the six portions of the contract of sale of the business, all but the last were fully executed. It is the accepted law in this forum that substantial performance takes the contract out from the statute of frauds, especially where the seller has suffered substantial loss. *Smith v. Moeller,* 132 Ga. App. 184 (207 SE2d 669). This enumeration is without merit.

2. Pirrung's second enumeration of error deals with a charge of the court. In substance Pirrung complains that the court erred by not charging that the measure of damages should have been limited to the provable damages emanating from the breach to the time of trial. The trial court in fact charged that the measure of damages was the whole of the damages proved based upon the breach for the period of the contract (either one or ten years, or such other time as believed by the jury) reduced to its present value. This included such imponderables as the amount of money that might be earned by Harrell in other, similar employment or other means by which Harrell might mitigate his damages. In support of his argument, Pirrung cites to this court numerous cases which have their progenesis in two earlier and companion cases appearing at *Roberts v. Crowley,* 81 Ga. 429, 439 (7 SE 740) and *Roberts v. Rigdon,* 81 Ga. 440, 443 (7 SE 742).

We find the rationale of these cases inapposite. As indicated in Division 1, we conclude that the real issue is as to the breach of a contract for the sale of the business and not to an incidental

agreement of employment which was merely a part of the consideration. In effect, Harrell was not contracting with Pirrung for personal services. Had he been, then this court would have to decide whether the applicable rule pertaining to damages is from time of breach to the time of trial (thus eliminating uncertainty of provable future damages) or for the entire unexecuted period of the contract of hire reduced to its present value. We need not reach a resolution of that question. It is clear to us that there was a question of fact presented to the jury as to whether the intent of the parties was to provide for a payment of $180,000 as a part of the consideration or that the consideration in this regard was $18,000 per year only so long as Harrell occupied the status of an "employee." The jury's resolution of the issue by returning the present value of the $180,000 as $90,000 determined the question by concluding that the contract was $18,000 per year for 10 years.

We note that Pirrung objected to an instruction dealing with damages based upon the whole loss caused by a breach of the contract reduced to its present value. While we agree that such an instruction was not adjusted to the evidence, the appellant Pirrung is in no position to base a claim of prejudice thereon. We have concluded that an employment contract was not primarily involved and thus the loss of salary based upon payment for services to be rendered after the time of trial is not the issue. As we view the evidence, the jury would have been authorized to return a verdict for the full amount agreed upon less any monies already paid. By reducing the amount to its "present value," the jury returned a verdict at worst favorable to Pirrung. When a plaintiff in error (appellant) brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party. *Brown v. City of Atlanta,* 66 Ga. 71. Moreover, inasmuch as Pirrung in his brief concedes that the jury was warranted in concluding that there was a 10-year contract (a concession with which we are in agreement), and in effect argues that damages should be limited to the period from the breach to the time of trial, not that damages in any amount are erroneous, in spite of the maladjusted charge, the verdict of the jury for damages was not erroneously in favor of Harrell. Where the judgment of the trial court is proper and legal for any reason, it will be affirmed, regardless of the reason assigned. *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405); *Turner v. Baggett Transp. Co.,* 128 Ga. App. 801, 806 (198 SE2d 412).

Lastly, we note that any potential harm to the appellee Harrell is not before the court. The appellee Harrell has filed no cross appeal to the verdict of the jury or the judgment of the court. Moreover, in his

complaint, Harrell sought exactly that which the jury returned, namely the full value of the damages caused by the breach reduced to whatever the jury conceived to be its present value.

Based upon the foregoing, we conclude that appellant's second enumeration of error has no merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JULY 8, 1980 — DECIDED SEPTEMBER 26, 1980— REHEARING DENIED OCTOBER 17, 1980 —

*H. H. Perry, Jr.,* for appellant.
*Leonard Conger,* for appellee.