## 63440. HAIRSTON ENTERPRISES, INC. v. LEE.

SOGNIER, Judge.

Lee entered into a contract with Hairston Enterprises, Inc. (Hairston) for the construction and sale of a house. During construction Lee noticed that there was a water leak in the garage adjacent to the house. During various phases of construction, Hairston assured Lee that the leak would be fixed; however, the problem persisted after completion of the house and after the closing. After repeated requests from Lee to fix the leak, he sued Hairston for breach of contract. The jury returned a verdict in favor of Lee and Hairston appeals.

Appellant contends that the trial court erred in failing to direct a verdict in its favor because the promises to fix the water leak in the garage were oral and unenforceable. Appellant points out that Lee presented a punch list of completions and repairs to be done on the house and that repairing the leak in the garage was not included on this list.

Appellant relies on *P. B. R. Enterprises v. Perren,* 243 Ga. 280 (253 SE2d 765) (1979) for the proposition that oral promises not

included in the sales contract or the deed are unenforceable. We find *P. B. R.* factually distinguishable from the case at bar and instead find the case to be controlled by *Holmes v. Worthey,* 159 Ga. App. 262 (282 SE2d 919) (1981).

*P. B. R.* did not involve a written contract to build a house; rather it involved a contract for the sale of realty and alleged oral promises to complete or repair various unfinished and defective parts of a new home purchased by Perren. See *P. B. R. Enterprises v. Perren,* 158 Ga. App. 24, 25 (279 SE2d 292) (1981). The Supreme Court held that "in order for such promise [for effecting completions and repairs on the house] to survive the closing and not merge in the deed, it must have been included in the *sales* contract . . ." (Emphasis supplied.) *P. B. R.,* supra, at p. 282 (3).

In *Holmes v. Worthey,* supra, p. 268, this court held that a written contract *to build* a house, which may or may not be included in the *sales* contract, does not merge into the deed and thus defeat the homebuyer's action for breach of contract for failure to construct the dwelling in a fit and workmanlike manner, which is a duty implied in every contract to build. In the case at bar, the oral assurances made by Hairston that the leak in the garage would be corrected with completion of construction were merely evidence of Hairston's recognition of his duty to construct the house and garage in a workmanlike manner pursuant to the contract to build. Thus, the merger rule does not apply in this case regardless of whether the promises were oral or written.

There was sufficient evidence in this case for the jury to find that Hairston breached the contract to build by failing to perform it in a fit and workmanlike manner. Where the judgment of the trial court is proper and legal for any reason, it will be affirmed, regardless of the reason assigned. *Vada Corp. v. Harrell,* 156 Ga. App. 137, 141 (273 SE2d 877) (1980). Thus, we will not disturb the jury's verdict.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 12, 1982—
REHEARING DENIED MAY 28, 1982.

*Kenneth W. Carpenter,* for appellant.
*Alan C. Manheim,* for appellee.