75604, 75731. VANN v. DeKALB COUNTY BOARD OF TAX
ASSESSORS et al. (two cases).
(367 SE2d 43)

BIRDSONG, Chief Judge.

This is a consolidated appeal. Appellant owns residential property in DeKalb County. Appellant contends that prior to 1986 his property was appraised as to fair market value for ad valorem taxation using a combination of methods of evaluation (including actual inspection by trained appraisers). However in 1986, the appellees (hereinafter referred to as the board) adopted a new appraisal method of dividing the county map into administrative areas (called "neighborhoods") which have no necessary resemblance of traditional neighborhoods. Each year, the board now determines the percentage of increase or decrease in fair market value of a given piece of residential real property by referring to the average sales price of property within that same neighborhood. Thus, sales are used as a guide to the changing fair market value of a house located in a given neighborhood, and such factors as the actual improvements or damages sustained by individual pieces of property or property location (proximity to favorable or unfavorable objects or conditions) are not directly considered in assessing property as to its fair market value. Rather the appraised value of each parcel within a given tax neighborhood is increased or decreased by the same percentage factor.

In April 1986, appellant appealed his property appraisal to the county board of equalization; and, after receiving an adverse ruling therefrom, he further appealed to the superior court pursuant to the appeal provisions of OCGA § 48-5-311 (f) (hereinafter referred to as tax appeal). In April 1987, the superior court dismissed that portion of appellant's tax appeal challenging the constitutionality of the board's tax assessment method on the grounds that OCGA § 48-5-311 (e) (1) did not vest the appellant taxpayer with the right to challenge the board's methodology of assessing property. This court denied appellant's interlocutory appeal to this ruling. On July 20, 1987, the superior court, noting that the appellant had contended that the fair market value of his property was $45,500 and that the board had stipulated to this fact, entered an order and judgment finding that the fair market value of appellant's property was $45,500. On August 19, 1987, the superior court issued a nunc pro tunc order and judgment amending its July 20th order and judgment to reflect that appellant's demand that his property "be equalized with other like and similar property in [the county] and that his property be uniformly appraised and assessed is dismissed as moot" in view of the stipulation as to fair market value thereof. Thus, appellant's constitutional objections to the board's method of assessment were not considered on the merits of the tax appeal.

While the tax appeal was in progress, appellant on November 26, 1986, initiated a class action suit in superior court challenging the board's method of property appraisal under the Constitutions and laws of the United States and of the State of Georgia (hereinafter referred to as class action). On July 2, 1987, the superior court entered an order granting the board's motion to dismiss the class action. The superior court, after noting that appellant in support of his class action "relies on State Law and Title 42 U.S.C. § 1983," concluded that it lacked subject matter jurisdiction over a challenge to the 1986 appraisal of appellant's property because an adequate legal remedy existed under OCGA § 48-5-311 statutory tax appeal provisions, to contest "tax assessment and collection practices" and to protect his state and federal rights. The court then granted the board's motion to dismiss the class action on the grounds that appellant "has utilized the State statutory procedure for appeal, and . . . this is an adequate remedy to protect [his] Federal rights." However, the tax appeal trial judge, in April 1987, had dismissed that portion of appellant's tax appeal complaint that challenged the legality and constitutionality of the board's method of appraisal. Vann also appeals from that judgment. *Held*:

1. Regarding the class action, appellant enumerates as error that the trial judge erred in dismissing his complaint for want of subject matter jurisdiction. Subject matter jurisdiction has been defined as " 'the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power.' " *Williams v. Fuller*, 244 Ga. 846, 849 (262 SE2d 135). But jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the court's attention, but jurisdiction of the class of cases to which that particular case belongs. As applied to the subject matter of a suit, jurisdiction is always conferred by law. *Zeagler v. Zeagler*, 192 Ga. 453, 456 (15 SE2d 478).

The jurisdiction of our superior courts is that vested by the Constitution of the State of Georgia and by statute. See, e.g., Art. VI, Sec. IV, Par. I, Georgia Constitution; OCGA § 15-6-8; *Department Industrial Relations v. Travelers Ins. Co.*, 177 Ga. 669 (170 SE 883); see generally *Fulton County v. Woodside*, 222 Ga. 90, 100 (149 SE2d 140) holding that neither the legislature nor a judge can limit the jurisdiction of a superior court. As a general rule, "a right of action arises by necessary implication against a county when it violates a constitutional right of a citizen." *Baranan v. Fulton County*, 232 Ga. 852, 856 (209 SE2d 188); *Waters v. DeKalb County*, 208 Ga. 741 (1) 69 SE2d 274); *Watkins v. Cobb County Comm.*, 135 Ga. App. 324 (2) (217 SE2d 298); see *Smith v. Floyd County*, 85 Ga. 420, 424 (11 SE 850). The class action suit, in part, involves a constitutional challenge of a

county property appraisal and tax assessment policy and a challenge of the intentional conduct of certain county officials in their implementation of this policy. However, we need not determine whether the superior court had subject matter jurisdiction in the classic sense over the matters asserted in appellant's class action complaint, because if the trial court's ruling granting the motion to dismiss was proper and legal for any reason it will be affirmed, regardless of the reason assigned by the court in support thereof. See *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 539 (307 SE2d 914); *Hairston Enterprises v. Lee*, 162 Ga. App. 475 (291 SE2d 404); *Vada Corp. v. Harrell*, 156 Ga. App. 137, 141 (273 SE2d 877); *Turner v. Baggett Transp. Co.*, 128 Ga. App. 801 (4) (198 SE2d 412).

Regarding that portion of appellant's class action which is alleged to rest upon a cause of action created by state law, we find that appellant has failed to assert a claim cognizable by the superior court. OCGA § 48-5-311 provides a statutory appeal system which authorizes any taxpayer to appeal from an assessment by the county board of tax assessors "as to matters of taxability, uniformity of assessment, and value, and as to denials of homestead exemptions." Id. at OCGA § 48-5-311 (e) (1). If a remedy at law is plain and adequate, that is, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity, it will exclude appropriate equity relief. *Sherrer v. Hale*, 248 Ga. 793 (2) (285 SE2d 714); *Middlebrooks v. Lonas*, 246 Ga. 720 (2) (272 SE2d 687), citing *Atlantic Coast Line R. Co. v. Gunn*, 185 Ga. 108 (194 SE 365). OCGA § 48-5-311 provides a plain and adequate remedy at law to appellant's challenge that the county's tax assessment and appraisal system deprived him of due process of law, equal protection of the law, and lacked uniformity as required under the provisions of the Constitution of Georgia. See generally *Wilkes v. Redding*, 242 Ga. 78 (247 SE2d 872) (holding that the board of equalization is the appropriate forum for deciding taxpayers' constitutional and procedural issues as well as questions of uniformity, valuation and taxability); see generally *Butts County v. Briscoe*, 236 Ga. 233 (223 SE2d 199) (holding that all legal and constitutional questions can be settled in a statutory tax appeal action); see also *Acree v. Walls*, 240 Ga. 778, 786 (243 SE2d 489); *Chilivis v. Backus*, 236 Ga. 88 (222 SE2d 371); *Tax Assessors v. Chitwood*, 235 Ga. 147 (218 SE2d 759); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. I (General Assembly may authorize administrative agencies to exercise quasi-judicial power). Cf. *Cobb County Bd. of Commrs. v. Poss*, 257 Ga. 393, 395-397 (359 SE2d 900) (requiring the exhaustion of legislative remedies before the board, but holding that where appeals to the superior court are de novo proceedings the property owner is not restricted to the evidence presented to the local zoning officials in support of his constitutional challenge of the zoning ordinance). Further,

in addition to barring injunctive relief, this rule bars the issuance of a declaratory judgment or mandamus. *Wilkes v. Redding*, supra at 79; *Barr v. Jackson County*, 238 Ga. 332 (232 SE2d 923); *Butts County*, supra at 236.

Appellant also asserted that he was deprived of due process of law and equal protection of the law in violation of the United States Constitution, and contends he has a cause of action cognizable under 42 USCA § 1983. We disagree. In *Parratt v. Taylor*, 451 U. S. 527 (101 SC 1908, 68 LE2d 420), the Supreme Court of the United States held that if a state provides adequate post-deprivation remedies then procedural due process requirements will be satisfied, provided the constitutional deprivation of property was caused by the unauthorized negligent act of state agents. In *Hudson v. Palmer*, 468 U. S. 517, 533 (104 SC 3194, 82 LE2d 393), the Supreme Court expanded its *Parratt* holding to encompass unauthorized intentional acts by state agents. But, in *Logan v. Zimmerman Brush Co.*, 455 U. S. 422 (102 SC 1148, 71 LE2d 265), the Supreme Court concluded that post-deprivation remedies do not satisfy procedural due process requirements where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action. *Logan*, supra at 436-437; *Hudson*, supra at 532. In so ruling, the court concluded that "absent 'the necessity of quick action by the State or the impracticality of providing any predeprivation process,' a post-deprivation hearing would be constitutionally inadequate." *Logan*, supra at 436 and cases cited therein.

This case clearly involves the conduct of county tax agents occurring in direct implementation of an established county ad valorem tax procedure. However, the Supreme Court consistently has recognized that cases involving the constitutional challenge to the collection of state taxes are of a special class. *Lynch v. Household Fin. Corp.*, 405 U. S. 538, 542 n. 6 (92 SC 1113, 31 LE2d 424) and cases cited therein. Certainly, such cases usually necessitate "quick action by the State" and its taxing entities and agents to avoid substantial jeopardy to the state's overall financial structure. In *Backus v. Chilivis*, 236 Ga. 500 (224 SE2d 370), the Georgia Supreme Court recognized these considerations and stated "[t]he overriding interests of the state in an efficient, expeditious and nondisruptive resolution of ad valorem tax disputes would be seriously impaired, if not destroyed, by the allowance of [42 USCA § 1983] suits." Id. at 505; see *Linderkamp v. Bismark School Dist.*, 397 NW2d 76, 79 (N.D. 1986). The court then concluded that a § 1983 claim is not available under Georgia law where the defendants are county taxing authorities and the basis of the claim is unequal or nonuniform imposition of ad valorem taxation. *Backus*, supra at 506; c.f., *Sisson v. Douglas County School Dist.*, 181 Ga. App. 77, 80 (351 SE2d 272) (the legislature provided due process of

law in its consideration of potential claims during enactment of the state's overall tort scheme of law). We are satisfied that the linchpin to appellant's § 1983 claim is the alleged nonuniform and unequal appraisal procedure approved by the county and implemented by its agents. Accordingly, we find that the 42 USCA § 1983 claim in this case is not cognizable. *Backus v. Chilivis*, supra.

In reaching the above conclusion, we are mindful of appellant's litigative position in his tax appeal case. However, whether the superior court erroneously refused to allow appellant to challenge the constitutionality of the county's methodology of assessing property, is an issue which, if properly preserved, may be addressed during the appeal of that particular companion case. See *Wilkes*, supra at 79 (the board's failure to answer some of the questions submitted may be enumerated as error on de novo appeal). Finally, in view of the above disposition, we are not required to determine whether the statutory appeal procedure of OCGA § 48-5-311 (e) and (f), in view of OCGA § 48-5-29 (a), provided appellant in this particular case with a pre-deprivation, quasi pre-deprivation or post-deprivation remedy.

2. Regarding the tax appeal, appellant enumerates as error that the trial court erred in dismissing that portion of appellant's tax appeal which challenges the constitutionality and legality of the method of appraising real property for taxation in DeKalb County. We agree.

At the outset, we note that appellant's challenge to the constitutionality of the board's methodology for assessing taxes, in this instance, is inextricably bound to the basic issue of uniformity of assessment of real property located within the county. It is clear that any taxpayer may appeal under the provisions of OCGA § 48-5-311 (e) and (f) "as to matters of taxability, *uniformity of assessment,* and value." (Emphasis supplied.) The question of whether the board of equalization has the power to resolve relevant constitutional issues in the course of fulfilling its statutory appeals function has been conclusively answered in the affirmative by the Supreme Court of Georgia. *Wilkes v. Redding,* supra at 79; *Barr v. Jackson County,* 238 Ga. 332 (1) (232 SE2d 923); see *Butts County v. Briscoe,* supra at 235; *Chilivis v. Backus,* supra at 89-90; *Tax Assessors v. Chitwood,* supra at 152-154; see also Ga. Const. of 1983, Art. VI, Sec. I, Par. I. We see no reason to depart from this established precedent.

However, the board contends that the appropriate remedy in this case was merely to reduce taxpayer's property assessment to the same proportion of fair market value that has been applied generally to similar properties. In *Hardin v. Reynolds,* 189 Ga. 534 (6 SE2d 328), the Supreme Court opined that the Act of 1918 (the act then under consideration) was not invalid merely because it failed to provide for a hearing before the entry of assessment in view of its other procedural safeguards. The court thereafter concluded that "[i]t is suffi-

cient if the delinquent has an opportunity to question *the validity* or the amount of the assessment, either before the amount is determined or in subsequent proceedings for collection." (Emphasis supplied.) Id. at 541. After examining the record and transcript of the tax appeal and taking judicial notice, in accordance with the general authority contained in *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107), of the record and transcript of the companion class action, we find that appellant has not been given "an opportunity to question the validity . . . of the assessment" imposed against his property as authorized by *Hardin.* An assessment based upon an unconstitutional method of property appraisal would not be valid, and appellant has been deprived, in this instance, of any reasonable opportunity to challenge the constitutionality of the method used to determine the fair market value of his property. This type of issue generates the kind of constitutional question that *Wilkes* concluded should be addressed in the statutory tax appeal process.

The Commissioner, Department of Revenue for the State of Georgia, as an appellee, asserts that current precedent provides tax assessors with the authority "to use *any* methodology to arrive at their values as long as they reach fair market value on the appraisal." (Emphasis supplied.) However, Georgia case law cannot be interpreted as authorizing unconstitutional conduct on the part of state officials. While the lead case, cited by the appellee, of *Rogers v. DeKalb County Bd. of Tax Assessors*, 247 Ga. 726, 729 (279 SE2d 223) of necessity vests "very wide discretion" in the state in the laying of their taxes, it also holds that "the [s]tates, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment." Thus, it is clear that although tax assessors are vested with great powers of office in order to perform their executive function, they too are not above the law.

The board draws the attention of this court to *Hillsborough T. P. v. Cromwell*, 326 U. S. 620 (66 SC 445, 90 LE2d 358), as authority for their assertion that a reduction in appellant's assessment in cases of nonuniformity is exactly what is required to protect one's rights under the federal constitution. We find *Hillsborough* to be distinguishable from this case. There is nothing certain in life, it has been said, but death and taxes. It is obvious that appellant will be called upon to pay any tax assessed against him in the coming years, and that the board will continue to use its current method of property value determination, in the foreseeable future, unless compelled to do otherwise. Thus, we are satisfied that appellee's claim that appellant has not been subjected to any form of a constitutional deprivation of a property interest is devoid of merit. Further, this case belongs to that narrow class of cases where reducing appellant's assessment will not automatically moot the appellant's constitutional challenge. *Ger-*

*stein v. Pugh*, 420 U. S. 103, 110 n. 11 (95 SC 854, 43 LE2d 54); *Moore v. Ogilvie*, 394 U. S. 814, 816 (89 SC 1493, 23 LE2d 1) (considering the merits of the appeal when the problem presented was "capable of repetition yet evading review"); *Mulling v. Wilson*, 245 Ga. 773, 774 (267 SE2d 212).

Of course, to assert his constitutional issue before the superior court in a de novo appeal, appellant must have timely raised the issue before the board of equalization. *Wilkes v. Redding*, supra at 80; cf. *Cobb County Bd. of Commrs. v. Poss*, supra at 395-397 (constitutional attack on a zoning classification cannot be made for the first time in superior court, but if the issue is properly preserved appellant is not restricted on appeal to the same evidence presented to the board). If the appellant met this requirement and if the board failed to answer the issues submitted to it, such failure then may be enumerated as error on the de novo appeal. Id. at 79-80.

The tax case (No. 75731) is remanded to the superior court for further proceedings consistent with the guidance contained in this opinion. Nothing in this opinion is intended to indicate this court's views as to the merits of appellant's claim.

*Judgment affirmed in Case No. 75604. Judgment vacated and case remanded with direction in Case No. 75731. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 20, 1988 — REHEARINGS DENIED
FEBRUARY 24, 1988 AND MARCH 4, 1988 — ▮▮▮▮▮▮▮▮▮

*David R. Bundrick, John J. Goger*, for appellant.
*Albert S. Johnson, Baxter P. Jones, Michael J. Bowers, Attorney General, Lucy T. Sheftall, Assistant Attorney General*, for appellees.