## A92A2327. ARNOLD et al. v. GWINNETT COUNTY BOARD OF TAX ASSESSORS et al.

### (429 SE2d 146)

POPE, Chief Judge.

In this case, 19 individuals brought a claim in the Superior Court of Gwinnett County against the Gwinnett County Board of Tax Assessors and Gwinnett County Board of Equalization seeking a judgment declaring the method of re-assessment of real estate property valuation made by the defendants to be "fatally flawed and void and of no legal effect" and ordering the county tax digest to be re-evaluated in its entirety. The individuals sought to be certified as a class for all similarly situated owners of real property in the county. The trial court denied the request for class certification and granted defendants' motion for summary judgment on the ground that the board of equalization is the appropriate forum for plaintiffs' claim, citing, inter alia, *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208 (367 SE2d 43) (1988). Plaintiffs appeal.

In their brief, plaintiffs cite no authority for their assertion that their claim is not one that must be brought before the county board of equalization pursuant to OCGA § 48-5-311, as we held in *Vann*. Plaintiffs make no argument in attempt to distinguish their case from the clear and unambiguous holding in *Vann*, in which, as in the case now before us, the plaintiff initiated a class action suit challenging the method of property appraisal of the county board of tax assessors. In ruling that the plaintiff "failed to assert a claim cognizable by the superior court," this court held: "OCGA § 48-5-311 provides a statutory appeal system which authorizes any taxpayer to appeal from an assessment by the county board of tax assessors 'as to matters of taxability, uniformity of assessment, and value, and as to denials of homestead exemptions.' Id. at OCGA § 48-5-311 (e) (1). If a remedy at law is plain and adequate, that is, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity, it will exclude appropriate equity relief. [Cits.] OCGA § 48-5-311 provides a plain and adequate remedy at law to [plaintiffs'] challenge that the county's tax assessment and appraisal system deprived [them] of due process of law, equal protection of the law, and lacked uniformity as required under the provisions of the Constitution of Georgia. See generally *Wilkes v. Redding*, 242 Ga. 78 (247 SE2d 872) [(1978)] (holding that the board of equalization is the appropriate forum for deciding taxpayers' constitutional and procedural issues as well as questions of uniformity, valuation and taxability); see generally *Butts County v. Briscoe*, 236 Ga. 233 (223 SE2d 199) [(1976)] (holding that all legal and constitutional questions can be settled in a statutory tax appeal action); see also *Acree v. Walls*, 240 Ga. 778, 786 (243 SE2d 489) [(1978)]; *Chilivis v. Backus*, 236 Ga. 88 (222 SE2d

371) [(1976)]; *Tax Assessors v. Chitwood*, 235 Ga. 147 (218 SE2d 759) [(1975)]. . . . Further, in addition to barring injunctive relief, this rule bars the issuance of a declaratory judgment or mandamus. *Wilkes v. Redding*, supra at 79; *Barr v. Jackson County*, 238 Ga. 332 (232 SE2d 923) [(1977)]; *Butts County*, supra at 236." *Vann*, 186 Ga. App. at 210-211.

We affirm the trial court's order. We also determine plaintiffs' appeal to be frivolous and grant defendants' motion for the imposition of a penalty pursuant to Rule 26 (b) of the Rules of the Court of Appeals of Georgia. "The cursory nature of appellants' brief supports this conclusion." *Jernigan Auto Parts v. Commercial State Bank*, 186 Ga. App. 267, 272 (367 SE2d 250) (1988). Thus, on remittitur, the trial court is ordered to impose a penalty of $500 against plaintiffs.

*Judgment affirmed with direction. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 11, 1993.

*Davis, Norvell & Norvell, Ray C. Norvell, Sr.*, for appellants.
*Jonathan A. Weintraub*, for appellees.