## A94A0224. COHRAN v. PAULDING COUNTY BOARD OF TAX ASSESSORS.
### (443 SE2d 519)

JOHNSON, Judge.

George Leonard Cohran is the owner of a 292-acre tract of land located in Paulding County, Georgia. His property, along with approximately 1,500 other tracts of agricultural property exceeding 25 acres, was reevaluated by the county for the purpose of assessing ad valorem taxes. The reevaluation was prompted by the State Revenue Commissioner's second straight rejection of Paulding County's proposed level of assessment for agricultural properties. In order to cure the deficiencies in the Paulding County Tax Digest, the county and the revenue commissioner entered into a consent order outlining a plan requiring a partial county-wide reevaluation of agricultural properties.

Cohran, along with 55 similarly situated taxpayers, appealed to the superior court from the Paulding County Board of Equalization's affirmance of the methods used by the county to establish fair market values. The taxpayers disputed the increased level of assessment, claiming that it violates their constitutional rights, that it lacks uniformity and challenged the method of valuation developed by an independent appraisal service hired by the county. When the cases came on for jury trial, counsel for both sides agreed that Cohran's case would be representative of the group and that his case would be tried before the court, sitting without a jury.

After hearing evidence, the trial court affirmed the partial county-wide reassessment, the method used for establishing fair market value of property and the fair market value assigned to Cohran's property. Cohran appeals.

We note at the outset that Cohran was not entitled to declaratory relief regarding either the parameters of, or the methods used in, the reassessment. *Wilkes v. Redding,* 242 Ga. 78, 79 (247 SE2d 872) (1979). "In numerous cases we have held that a superior court should not exercise its equitable jurisdiction in tax assessment cases to address issues concerning valuation, taxability, uniformity, and constitutionality, including the constitutionality of appraisal methods. [Cits.]" *City of Atlanta v. North by Northwest Civic Assn.,* 262 Ga. 531, 535 (3) (422 SE2d 651) (1992). Recently, this court affirmed summary judgment in favor of Gwinnett County in a challenge to the method of reassessment of real property brought by 19 individual taxpayers in the form of a declaratory judgment action. This court not only held

that the taxpayers had an adequate remedy at law precluding such actions, but imposed sanctions for frivolous appeal. *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759 (429 SE2d 146) (1993).

Nonetheless, to the extent that these issues had any bearing on the assessed value of Cohran's property they were presented at trial and considered by the judge. See *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 212 (2) (367 SE2d 43) (1988). As the party appealing to the superior court, Cohran had the burden of proof regarding the value of his property. *Weeks v. Gwinnett County Bd. of Tax Equalization*, 139 Ga. App. 37 (1) (227 SE2d 865) (1976). His only proffer regarding the property's value was a reference to the Georgia Agricultural Statistic Service Publication which listed the average price of farmland in Georgia as $995 per acre. While this figure may be probative, as the trial judge pointed out in his order, the factfinder in this case was more concerned with the fair market value of Cohran's property in Paulding County. Evidence regarding the method by which the county established this value was presented by means of the extensive testimony of the county's chief appraiser. This court considers the sufficiency of the evidence and not its weight. The evidence was sufficient to authorize the trial court's findings regarding the fair market value of Cohran's property. See *Hawkins v. Grady County Bd. of Tax Assessors*, 180 Ga. App. 834, 835 (3) (350 SE2d 790) (1986). We find no error.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1994 —
RECONSIDERATION DENIED APRIL 13, 1994.

*T. Michael Martin*, for appellant.
*Vinson, Osborne, Talley & Richardson, J. Glenn Richardson*, for appellee.