54246. LEDBETTER TRUCKS, INC. v. FLOYD COUNTY BOARD OF TAX ASSESSORS et al.
54247. LEDBETTER et al. v. FLOYD COUNTY BOARD OF TAX ASSESSORS et al.
54248, 54249, 54250. LEDBETTER TRUCKS, INC. v. FLOYD COUNTY BOARD OF TAX ASSESSORS et al. (three cases.)

SHULMAN, Judge.

Appellants received notices from the Floyd County Board of Tax Assessors that the board had increased the assessed evaluations on their properties. The notices each included the following information: "(Note) The within assessment will become final if not protested as provided by law within ten (10) days in the case of residents or twenty (20) days in the case of non-residents." Disagreeing with the assessments of the board, appellants sent letters to the board protesting same: "We are dissatisfied with this assessment and hereby enter our protest within the ten day limit provided by law." Those letters resulted in a meeting with the Board of Tax

Assessors, followed eventually by certification of the appeal to the Floyd County Board of Equalization. That body declined to change the assessments. Appellants then filed an appeal to the superior court. When the cases, which had been consolidated, came to trial, appellees moved for dismissal of the appeal, contending that the letters expressing dissatisfaction with the assessments were insufficient to serve as notices of appeal. The trial judge granted the motion to dismiss and denied appellants' motion to reconsider. In one enumeration of error (in each case), appellants complain of both decisions.

1. Appellants argue that the notices of assessment were not valid for two reasons: A. The notices did not contain sufficient language to notify appellants of their right to appeal; B. The procedure for establishing assessments in Floyd County was such that no final assessment had been made and therefore the notice received was not such notice as is contemplated by Code Ann. § 92-6911.

A. The required content of a notice of assessment is established by Code Ann. § 92-6911 (b). The last requirement listed in that section is ". . . a reference to the applicable time period for residents and nonresidents in which an appeal may be demanded." Appellants contend that the use of the word "protested" is fatal to the sufficiency of the Board of Tax Assessors' notice. However, that word is followed immediately by the phrase, "as provided by law. . ." We hold that the language used was sufficient to put appellants on notice that a procedure for protesting (or appealing or contesting) the assessments was provided by law. Appellants were then under a duty to find out what the procedure was and follow it.

B. The procedure for establishing assessments of property in Floyd County, and every other county in Georgia, is established by Title 92 of our Code. There are no provisions therein for tentative assessments, the validity of which is dependent on the taxpayer's concurrence. The language in the notices of assessments, set out above, does not indicate that the assessments are provisional. The "(Note)" can fairly be read to mean that the value assessed cannot be changed unless the taxpayer protested within the specified time in the manner

"provided by law." Other practices of the Floyd County Board of Tax Assessors, such as meeting with dissatisfied taxpayers, will not relieve the taxpayers of the necessity of protecting their rights by observance of clear statutory requirements for appeal.

2. If the county's notice of assessment was sufficient, appellants contend, so were their letters expressing dissatisfaction with the assessments sufficient notices of appeal. We noted above that the content of notices of assessment are governed by statute; so is the content of notices of appeal. "The notice of appeal shall specifically state the grounds for appeal." Code Ann. § 92-6912 (5) (B). A letter expressing no more than dissatisfaction with an assessment does not "specifically state the grounds for appeal." Id. Subsection (5)(A) of the same Code section provides that appeal may be taken ". ... as to matters of taxability, uniformity of assessment, and value. . ." Nowhere in appellants' purported notices of appeal did they indicate which of those matters formed the basis of their appeal. We hold that appellants' letters expressing dissatisfaction with the assessments were, as a matter of law, insufficient as notices of appeal. The trial court was correct in granting the motion to dismiss.

*Judgment affirmed. Quillian, P. J., concurs. Banke, J., concurs specially.*

SUBMITTED JULY 12, 1977 — DECIDED SEPTEMBER 8, 1977 — REHEARING DENIED SEPTEMBER 28, 1977 —

*Brinson, Askew & Berry, C. King Askew,* for appellants.

*Frank H. Jones,* for appellees.

BANKE, Judge, concurring specially.

While I concur in the court's decision, I am distressed at the result which we have been compelled to reach under Code Ann. § 92-6912 (5) (B). That is, in demanding strict compliance from the taxpayer in his notice of appeal to this administrative body, we are holding him to a stricter standard than is required of him in a court of law. Code Ann. § 6-809 (b) specifically provides for correction of

error in the party's notice of appeal at any time prior to judgment. Code Ann. § 6-809 (d) provides for consideration of the appeal whenever the subject of the appeal is apparent, notwithstanding a failure to specifically define the judgment or error appealed.

I cannot believe that our ruling is an accurate reflection of the legislature's intent in providing for administrative review of tax assessments. However, after thorough research, I am unable to cite any law on which to support a reversal of the judgment. The net result of this decision is to require every taxpayer who desires to contest the tax assessment against him to seek legal representation in order to protect himself against unintentional loss of his right to appeal.