## 32855. CAMP v. BOGGS et al.

UNDERCOFLER, Presiding Justice.
    Appellant was dissatisfied with the 1975 Douglas County Board of Tax Assessors' ad valorem tax assessment of her property. She filed her appeal with the Board of Assessors under the provisions of Code Ann. § 92-6912. As required by Code Ann. § 92-6912 (5) she specified her grounds of appeal as follows, "Valuation Excessive. Appraisal higher than property on three sides of my property." The Board of Assessors made no changes in the valuation and certified the appeal to the Board of Equalization. The Board of Equalization determined the value of the property was $157,250 and it fixed the assessment at 40% thereof in the amount of $62,900. Thereafter appellant under Code Ann. § 92-6912 (6) appealed the Board of Equalization's decision to the superior court. In the appeal to the superior court appellant, in addition to the challenge of excessive valuation before the Board of Equalization, challenged the uniformity of the entire 1975 Douglas County tax digest. The trial court did not submit the issue of uniformity to the jury for verdict. The jury returned a verdict valuing appellant's property at $137,050. The trial court entered judgment and directed an assessment at 40% thereof being the amount of $54,820.
    1. An essential question to be decided here is whether appellant may raise the issue of uniformity for

the first time in an appeal to the superior court. Code Ann. § 92-6912 (5) (A) provides that in an appeal to the Board of Equalization the taxpayer may raise, ". . . matters of taxability, uniformity of assessment, and value . . ." Code Ann. § 92-6912 (5) (B) provides, "The notice of appeal shall specifically state the grounds for appeal." The record shows appellant only raised a question of value. As she stated it, "Valuation Excessive. Appraisal higher than property on three sides of my property."

Code Ann. § 92-6912 (6) (C) provides that the appeal to the superior court shall constitute a de novo action. The question then is whether this provision permits appellant to raise in the superior court appeal issues which were not raised in the original appeal to the Board of Equalization. We conclude that it does not. The Act provides that a taxpayer may appeal to the Board of Equalization on three grounds, namely, matters relating to (1) taxability, (2) uniformity and, (3) value. The taxpayer must specify the grounds of appeal. The board is required to specifically decide in writing all questions presented to it. The taxpayer then may appeal the board's *decisions* to the superior court. As we read the Act only those decisions of the Board of Equalization on questions presented to it or incident thereto may be relitigated in the superior court. Here appellant raised only a question of value before the Board of Equalization. She can not raise a new claim of uniformity for the first time on appeal to the superior court. See *City of Macon v. Ries,* 179 Ga. 320, 326 (176 SE 21) (1934) wherein it was stated, ". . . the appeal contemplated by the charter provision above quoted is a de novo investigation into the merits of the *contentions* of the taxpayers, with the right to introduce evidence and be heard on the questions incident thereto." (Emphasis supplied.)

2. We find no merit in appellant's complaints that she has been denied due process and equal protection of the law.

3. We have taken jurisdiction of this case because it involves the revenues of the state. By order of the Governor one-quarter of one mill ad valorem state taxes was levied for 1975. See *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 7, 1977 — DECIDED NOVEMBER 2, 1977.

*Marson G. Dunaway, Jr.,* for appellant.
*Coney, Tinsley & Tinsley, William C. Tinsley, Barbara V. Tinsley,* for appellees.

*Judgment affirmed. All the Justices concur.*