## 33067. LEDBETTER TRUCKS, INC. v. FLOYD COUNTY BOARD OF TAX ASSESSORS et al.

HALL, Justice.

We granted certiorari to review the decision of the Court of Appeals in *Ledbetter Trucks, Inc. v. Floyd County Bd. of Tax Assessors,* 143 Ga. App. 323 (238 SE2d 440) (1977).

1. The Court of Appeals erred in holding that the notice of assessment in this case complied with the statutory requirement that the notice give "a reference to the applicable time period . . . in which an appeal may be demanded." Code § 92-6911 (b). The trial court was correct in finding that the statement on the notice of assessment in this case was misleading in using the term "protested" rather than "appealed." The addition of the words "as provided by law" did not remove the misleading character of this notice. The statutory mandate requires that the taxpayer be told of the time period "in which an appeal may be demanded," and we can see no reason for failing to use the appropriate terms.

2. We agree with the holding in Division 1B regarding tentative assessments.

However, we cannot agree that the other practices of the Board of Tax Assessors have no relevance to the appeal of an assessment. The board may not inform a taxpayer of a particular procedure for perfecting an appeal and then complain that the taxpayer followed their procedure rather than that prescribed by law. Tax assessments and appeals should be decided on the merits of the case without procedural technicalities, and even if, this were not the case the board could not take advantage of irregularities for which it is responsible.

3. Regardless of whether appellants' notice of appeal to the Board of Equalization was sufficient, the Court of Appeals erred in considering this issue. After the board heard and decided the appeal on the merits, the question of the sufficiency of the notice of appeal became moot. The failure to give sufficient notice of appeal to the Board of Equalization is not a ground for denial of a de novo review of the decision of the board in superior court. *Camp v. Boggs,* 240 Ga. 127, 128 (239 SE2d 530) (1977).

If the Board of Tax Assessors felt the notice of appeal was inadequate, it should have refused to certify the appeal until the notice was amended. (Of course, any amendment would have to be made promptly.) If the Board of Equalization felt the notice was insufficient after certification, it should have refused to hear the appeal until the notice was amended. But once the appeal was decided, all objections to the form of the notice were waived and could not be raised as a defense in superior court.

The Court of Appeals erred in affirming the dismissal of the taxpayers' appeal to the superior court.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., Bowles and Marshall, JJ., who concur in Divisions 2 and 3 and the judgment.*

SUBMITTED JANUARY 27, 1978 — DECIDED FEBRUARY 22, 1978.

*C. King Askew,* for appellant.
*Frank H. Jones,* for appellees.