### 55927. MUNDY v. CLAYTON COUNTY TAX ASSESSORS.

DEEN, Presiding Judge.

1. "Tax assessments and appeals should be decided on the merits of the case without procedural technicalities, and even if this were not the case the board could not take advantage of irregularities for which it is responsible." *Ledbetter Trucks, Inc. v. Floyd County Bd. of Tax Assessors,* 240 Ga. 791 (2) (242 SE2d 596) (1978).

2. Where the taxpayer appeals an assessment of the Board of Tax Assessors to the Board of Equalization, and from the decision of the latter to the superior court for a de novo hearing (Code § 92-6912 (5) (B) and (6) (C)), he is not permitted to raise in the superior court appeal issues which were not raised in the original appeal to the Board of Equalization. *Camp v. Boggs,* 240 Ga. 127 (1) (239 SE2d

530) (1977). However, where the original appeal to the Board of Equalization is not included in the record, and where it is not contended that such original appeal failed to raise the question of valuation, the appellant is not estopped in his appeal to the superior court from an adverse decision of the Board of Equalization from urging at the de novo hearing that the valuation set is excessive.

3. It is true that Code § 92-6912 (6) (B) requires that the notice of appeal to the superior court "specifically state the grounds for appeal." In the present case, appellant failed to state the ground of appeal (excessive valuation) in the original notice of appeal, but prior to hearing amended the notice by adding this information, thus complying with Code § 92-6912 (6) (B) supra. The appellee contends, however, that such notice is nonamendable. While Ch. 92-69 fails to provide one way or another for the amendability of a notice of appeal from the Board of Equalization, we note that notices of appeal to the appellate courts of this state have been held to be amendable. *Hamilton Mtg. Corp. v. Bowles,* 142 Ga. App. 882 (1) (237 SE2d 198) (1977). "If an error appears in the notice of appeal the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." Code § 6-809 (b). Since the policy of the law is in favor of deciding tax appeals on the merits, even at the expense of procedural technicalities, we find no reason for refusing to apply the rule allowing amendments of notices of appeal from superior courts to notices of appeal to the superior courts from administrative boards. The notice of appeal here, after amendment, conformed in all respects to the required appellate procedure, and it was error for the judge of the superior court to dismiss the appeal.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JUNE 5, 1978 — DECIDED
JUNE 29, 1978.

*Albert B. Wallace,* for appellant.

*Arnold, Bray, & Hislip, Emmett J. Arnold, III*, for appellee.