38283. WILLIAMS v. DeKALB COUNTY BOARD OF TAX ASSESSORS.

GREGORY, Justice.
In January, 1981 the DeKalb County Board of Tax Assessors advised appellant Williams of a change in the ad valorem tax assessment of certain property owned by Williams in DeKalb County. The Board of Tax Assessors notified Williams that the fair market value of the property was assessed at $18,100. For tax purposes the property was assessed at a value of $7,240. The previous assessment of the fair market value of the property had been $12,242. In compliance with Code Ann. § 91A-1449 (e) Williams appealed the assessment to the DeKalb County Board of Equalization. In his

notice of appeal Williams specified that he was challenging (1) whether the property had been assessed uniformly with the City of Atlanta - Fulton County tax digest and (2) whether the Board of Tax Assessors had correctly assessed the fair market value of his property. See Code Ann. § 91A-1449 (e) (1).

Following a hearing at which Williams submitted numerous exhibits, the DeKalb County Board of Equalization rendered a decision finding the Board of Tax Assessors' valuation of the property to be correct and finding that the property had been "uniformly assessed." Williams then appealed this decision to the DeKalb Superior Court under Code Ann. § 91A-1449 (f). His notice of appeal stated his intention to "complain of [the Board of Equalization's] Rubber Stamped Decision, Market Value of the Property, Assessment and all matters pertaining to same." Subsequently the DeKalb Board of Tax Assessors made a demand for jury trial. Code Ann. § 91A-1449 (f) (4) (A).

After the call of Williams' case in superior court the DeKalb Board of Tax Assessors moved to dismiss the appeal on the ground that Williams was attempting to prove his property had not been uniformly assessed by comparing its assessment to assessments made of similar property in the Fulton County tax digest. Williams' position at the hearing was that one county should not be permitted to tax property at a rate higher than another county. The trial court ruled that such evidence was not a proper way to prove his property had not been uniformly assessed, and dismissed Williams' appeal. In its written order the trial court stated that it was dismissing the appeal on the additional ground that Williams' notice of appeal was fatally defective in that it failed to specifically state the grounds for appeal so required by Code Ann. § 91A-1449 (f) (2). This appeal followed.

(1) We agree with the trial court that under the Review of Assessments Procedure, Code Ann. § 91A-1449, Williams may not attack the uniformity of assessment of property located in DeKalb County by use of a Fulton County tax digest. Pursuant to this code section, the requirement that property be "uniformly assessed" means that the property be assessed uniformly with other property included in the county's own tax digest. See, § 91A-1449 (d) (2). In determining whether a county board of tax assessors has "uniformly assessed" the value of certain property, it is not significant that the board of tax assessors of a neighboring county might have assessed it differently. Thus, we find that the trial court did not err in excluding Williams' evidence of the Fulton County tax digest. However, we conclude that the trial court erred in dismissing Willliams' appeal for reasons stated below.

(2) Code Ann. § 91A-1449 (e) (1) provides that "[a]ny taxpayer may appeal from an assessment by the county board of tax assessors to the county board of equalization as to matters of taxability, uniformity of assessment and value . . ." These three matters must be raised before the county board of equalization in order to raise them on appeal to the superior court, notwithstanding that the action in superior court is de novo. Code Ann. § 91A-1449 (f) (3); *Camp v. Boggs,* 240 Ga. 127 (239 SE2d 530) (1977). Further, the taxpayer's notice of appeal from a decision of the county board of equalization to the superior court "shall specifically state the grounds for appeal." Code Ann. § 91A-1449 (f) (2). As noted above, the trial court rested its decision to dismiss Williams' appeal, in part, on its determination that Williams had failed to meet this specificity requirement in his notice of appeal. However, in his notice of appeal, quoted supra, Williams stated his intention to challenge, inter alia, the "market value of the property." Under Code Ann. § 91A-1449 (e) (1), supra, "value" of the property is one of the three matters appealable from an assessment by the county board of tax assessors. We read Williams' notice of appeal as stating this ground with specificity sufficient to withstand the motion to dismiss. Under Code Ann. § 91A-1449 (f) Williams has the right to contest the issue of excessive valuation of his property in superior court.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 10, 1982.

Harold E. Williams, *pro se.*
James H. Weeks, for appellee.