64190. DeKALB COUNTY BOARD OF TAX ASSESSORS v. KENDALL, INC.
64191. DeKALB COUNTY BOARD OF TAX ASSESSORS v. CHAMBLEE TUCKER ASSOCIATES, INC.

SHULMAN, Presiding Judge.

These cases have been consolidated only for purposes of this interlocutory appeal. Both actions involve appeals to the superior court from property assessments of the DeKalb County Board of Equalization. Appellant moved for dismissal in both cases on the ground that the notices of appeal submitted to the DeKalb County Board of Tax Assessors were defective in that they were not filed by the taxpayers or their attorneys, but were filed instead by an ad valorem tax counseling service that represented both appellees before the Board of Equalization. The trial court denied the motions to dismiss on that ground. In Case No. 64191, appellant also moved for a directed verdict on the ground that the court could not consider the question of uniformity since that question had not been raised before the Board of Equalization and had not been considered by it. The trial court remanded No. 64191 to the Board of Equalization and directed that the board inform the court as to whether the issue of uniformity was considered in reaching the assessed value.

1. As to the threshold question raised by appellant in both cases, we agree with the trial court's denial of the motions to dismiss but for reasons other than those cited by the trial court. It is clear from the record in both cases that the question concerning the sufficiency and propriety of the notices of appeal filed by the taxpayers' non-lawyer tax service was first raised as each of the cases was called for trial in the superior court. It is undisputed that the Board of Tax Assessors acted upon the notices of appeal and certified both cases to the superior court. "After the board heard and decided [each] appeal on the merits, the question of the sufficiency of [each] notice of appeal became moot. The failure to give sufficient notice of appeal to the Board of Equalization is not a ground for denial of a de novo review of the decision of the board in superior court." *Ledbetter Trucks, Inc. v. Floyd County Bd. of Tax Assessors,* 240 Ga. 791 (242 SE2d 596).

Accordingly, appellant may not first raise in the superior court a question concerning the sufficiency of the notice of appeal from the decision of the Board of Equalization and, as *Ledbetter Trucks* makes clear, consideration of the merits of that issue in either of these cases would be improper.

2. The trial court erred, however, in Case No. 64191 when it remanded that case to the Board of Equalization for clarification on the question of whether it considered uniformity in reaching its assessment. It is clear that the taxpayer must specify all grounds upon which an appeal to the Board of Equalization is based. Code Ann. § 91A-1449 (e) (2); *Camp v. Boggs,* 240 Ga. 127 (239 SE2d 530). The appeal may concern three matters: (1) taxability; (2) uniformity of assessment; and (3) value. Code Ann. § 91A-1449 (e) (1). It is equally clear that "only those decisions of the Board of Equalization on questions presented to it or incident thereto may be relitigated in the superior court." *Camp,* supra, p. 128. See also *Williams v. DeKalb County Bd. of Tax Assessors,* 249 Ga. 164 (289 SE2d 235); *Mundy v. Clayton County Tax Assessors,* 146 Ga. App. 473 (2) (246 SE2d 479).

In Case No. 64191, the notice of appeal to the Board of Equalization was made by letter serving "as written notice of appeal regarding the appraised value of the above referenced property." The letter went on to state that the "1981 assessment reflects unrealistic values which have been placed on the referenced property." The letter does not mention any complaint regarding the uniformity or equalization of the assessment, nor does it challenge taxability. The decision of the Board of Equalization merely found "the assessed value to be: $1,029,560."

Although we can sympathize with the taxpayers' argument that a determination of "assessed value" necessarily includes a determination regarding uniformity, we feel that the issue in this case is controlled by the holding in *Camp v. Boggs,* supra. In that case, the taxpayer's notice of appeal to the board stated " 'Valuation Excessive. Appraisal higher than property on three sides of my property,' " and the board's decision merely assigned an assessed value. Id., p. 127. If anything, the grounds for appeal to the board in *Camp* came closer to raising the question of uniformity than those asserted in the present case. Nevertheless, the Supreme Court held that "appellant raised only a question of value before the Board of Equalization. She can not raise a new claim of uniformity for the first time on appeal to the superior court." Id. Since both the appeal to the Board of Equalization and the board's decision plainly recite value as the only issue raised or considered, the appellee in Case No. 64191 cannot challenge the board's assessment on any other ground in the superior court.

Appellee's counsel represented to the trial court that the question of uniformity was, in fact, considered by the board in Case No. 64191. This was the basis for the trial court's remand to the board. However, as *Camp v. Boggs* and Code Ann. § 91A-1449 (e) (2) make clear, the grounds of the appeal to the board must be plainly specified in the notice of appeal, and the superior court is without authority to go beyond those grounds.

*Judgment affirmed in case no. 64190. Judgment affirmed in part and reversed in part in case no. 64191. Quillian, C. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 16, 1982 —
REHEARING DENIED NOVEMBER 12, 1982.

*George P. Dillard, Richard Calhoun,* for appellant.
*Donald M. Comer,* for appellees.

ON MOTION FOR REHEARING.

Appellant argues on motion for rehearing that the decision in *Ledbetter Trucks, Inc. v. Floyd County Bd. of Tax Assessors,* 240 Ga. 791 (242 SE2d 596), should be limited to situations in which the Board of Tax Assessors has objections to the sufficiency of notices of appeal from its decisions and should not be extended to notices of appeal from decisions of the Board of Equalization. We feel that appellant is advocating a distinction without a difference and has ignored the following statement contained in *Ledbetter Trucks, Inc.,* supra, p. 792: "If the Board of Tax Assessors felt the notice of appeal was inadequate, it should have refused to certify the appeal until the notice was amended." Appellant admits that, after a decision by the Board of Equalization, the Board of Tax Assessors must certify the appeal to the superior court. The certification in these cases provided that "said appellant has petitioned this appeal within his timely period . . ." If the notices in these cases were considered inadequate by the board, which is a party to both cases, it "should have refused to certify the appeal until the notice[s] [were] amended." Appellant, having certified that the taxpayers have "petitioned [these] appeal[s] within [their] timely period," may not now argue that the notices were inadequate.

Application of the *Ledbetter Trucks* holding to these cases is also compelled by the general rule that "[t]ax assessments and appeals should be decided on the merits of the case without procedural technicalities . . ." Id., p. 791. While *Camp v. Boggs,* 240 Ga. 127 (239 SE2d 530), may appear to be at odds with this principle,

it should be noted that the latter case deals with statutorily imposed requirements relating to the scope of the issues, i.e., substance, of the taxpayer's appeal.

*Motion for rehearing denied.*