A90A1695. VAUGHTERS v. DeKALB COUNTY BOARD OF TAX ASSESSORS.

(402 SE2d 340)

BANKE, Presiding Judge.

The appellant filed a timely appeal from his 1989 property tax assessment, and the board of equalization upheld the valuation of his property made by the board of tax assessors. The appellant then filed a notice of appeal to superior court, using a form provided by the board of tax assessors. This form contained a space for disclosure of the reasons for the appeal and, in addition, listed two possible reasons which could simply be checked, to wit: "There is no uniformity of assessments in my neighborhood," and "The assessed value is too HIGH." However, neither of these reasons was checked, nor was any other explanation offered by the appellant as to the basis for his appeal. The board of tax assessors thereafter certified the case to the superior court; and in connection with the docketing of the case in

that court, the appellant filed a form in which he stated that he was "[f]iling [the appeal] under Ga. Code No. 48-5-311 . . . regarding 'taxability and value.' " However, the superior court subsequently granted the county's motion to dismiss the appeal on the ground that the notice of appeal had failed to "state a proper ground [for appeal] pursuant to OCGA § 48-5-311 (f) (2)." This appeal followed. *Held*:

In *DeKalb County Bd. of Tax Assessors v. Kendall, Inc.*, 164 Ga. App. 374, 375 (295 SE2d 345) (1982), this court held that a county board of tax assessors could not "first raise in the superior court a question concerning the sufficiency of the notice of appeal from the decision of the [b]oard of [e]qualization. . . ." Rather, the court held, " '[i]f the [b]oard of [t]ax [a]ssessors felt the notice of appeal was inadequate, it should have refused to certify the appeal until the notice was amended.' " Id. at 376, quoting from *Ledbetter Trucks v. Floyd County Bd. of Tax Assessors*, 240 Ga. 791, 792 (242 SE2d 596) (1978). Thus, pretermitting whether the appellant's notice of appeal in this case was in violation of OCGA § 48-5-311 (f) (2) due to his failure to specify therein the grounds for his appeal, we hold that the superior court erred in granting the county's motion to dismiss.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 14, 1991.

S. B. Vaughters, *pro se.*

Johnson & Montgomery, Albert S. Johnson, Lisa A. Foster, Michael K. Dennard, for appellee.