### A95A1730. KIMBRELL et al. v. CONNOR.
(463 SE2d 376)

ANDREWS, Judge.

J. A. Kimbrell and Sylvania Mobile Homes, Inc. ("Sylvania") appeal the dismissal of their contract case.

In March 1990, the parties, who were in the business of selling mobile homes, entered into an agreement in which defendant Connor agreed to open a mobile home sales lot. The contract required Connor to pay Sylvania "25% of gross profit excluding setup, taxes and options on the sale of each mobile home . . . [and] 25% of Volumn [sic], minus rebate." It also provided that Connor split with Sylvania the proceeds from the sales of tires and axles from the sold mobile homes and pay Sylvania 40 percent of the comprehensive insurance commissions written on the mobile homes. In return, Sylvania agreed to "make accessible" to Connor's customers financing through First Carolina Financial Corporation ("FCFC"), "such that FCFC will not have recourse against [Connor]." The evidence concerning the actual performance of the contract is meager at best. It appears that Sylvania would enter into a security agreement with Kimbrell's customers, although it did not own the mobile homes being purchased. Sylvania would then assign the security agreement to FCFC, listing itself as the seller.

Connor paid Sylvania commissions on 26 transactions, totaling approximately $17,400. In December 1991, however, Connor refused to accept such financing and stopped paying Sylvania. Kimbrell and Sylvania then initiated this action, alleging breach of contract and seeking specific performance and attorney fees.

Connor moved for summary judgment, arguing that the contract was unenforceable because Kimbrell fraudulently altered it and the contract contemplated an illegal act and was ambiguous. Connor also contended that the parties never had a contract or a meeting of the minds. As proof, he attested that Kimbrell verbally misrepresented

the agreement, which Connor then signed without reading, and breached his promise to change the agreement to reflect the original verbal terms, which omitted the requirement that Connor pay Sylvania 25 percent of his annual gross profit. In support of his illegality argument, Connor contended that Kimbrell concealed Connor's identity as the true owner of the mobile homes to be financed by FCFC in order to obtain additional bonuses on loans which were in fact made by Connor. Connor argued that this violated 18 USC § 1001 which criminalizes giving false information in any matter within the jurisdiction of a federal department or agency. Connor also filed an affidavit by FCFC's assistant vice president stating that (1) Kimbrell and Sylvania had no authority to enter into an agreement to provide FCFC financing; (2) had he known of the agreement, he would have expressly disapproved it; and (3) had he known the true nature of the financed mobile home sales between Connor and Sylvania, he "most probably" would have disapproved them.

In response, Kimbrell denied altering the contract or misrepresenting its terms. He attested that Connor's attorney drafted the contract. Kimbrell and Sylvania also countered Connor's allegations of illegality with an affidavit by FCFC's former marketing representative, who stated that he knew Sylvania was receiving a cut from Connor's sales, which were processed in Sylvania's name. He attested that this transaction was not improper because FCFC approved the contracts based upon the retail customers' credit, Sylvania had a financial interest in the sale, and the papers were with recourse against Sylvania.

The court dismissed Connor's motion for summary judgment as moot and dismissed the complaint on findings that the contract was void and unenforceable. It did not specifically state the grounds for this disposition. It also made findings that (1) the contract was at best an agreement to contract; (2) there was inadequate consideration; (3) the contract was vague and ambiguous; (4) there was no meeting of the minds; and (5) the contract was entered into for an illegal purpose: to conceal from the lender the true nature of the financed mobile home sales.

The trial court's findings that the parties merely had an agreement to contract and no meeting of the minds occurred do not justify the dismissals because Kimbrell and Sylvania presented evidence disputing virtually all of Connor's allegations about the negotiation and preparation of the agreement at issue. *Medley v. Boomershine Pontiac-GMC Truck,* 214 Ga. App. 795 (4) (449 SE2d 128) (1994) (issue remained to be tried because evidence must be construed in non-movant's favor). Due to the absence of the requisite proof of "great disparity of mental ability in contracting a bargain," the trial court's determination that the contract was void due to inadequate

consideration was error. OCGA § 23-2-2. If the agreement was vague and ambiguous, the trial court was required to apply the applicable rules of construction, and, if the ambiguities remained, present the question to the jury. *Travelers Ins. Co. v. Blakey*, 180 Ga. App. 520 (349 SE2d 474) (1986).

Thus, the only legally supportable basis for dismissing as moot the motion for summary judgment and dismissing the complaint was that the contract was void due to its illegality. On its face, however, the contract reflects no illegality. Contrary to Connor's arguments, it does not require Kimbrell and Sylvania to conceal their identity. Nor does it address the method of processing the security agreements or proof of ownership documents involved in making FCFC financing "accessible" to Connor's customers. Further, the record is not sufficiently developed to examine the parameters of Kimbrell's relationship with FCFC or whether the contract was entered into for an illegal purpose. The evidence conflicts as to whether FCFC knew of and condoned Kimbrell and Sylvania's method of arranging financing for Connor. Proof of FCFC's knowledge would counter the trial court's finding that the contract's purpose was to conceal the true nature of the transaction from FCFC and refute claims of illegality premised on fraud or deception.[1] Because the record is insufficient to establish as a matter of law or fact that the contract was illegal, we reverse and remand for proceedings consistent with this opinion.

*Judgment reversed and case remanded. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 25, 1995.

*H. Lehman Franklin, Jr.*, for appellants.
*Robert S. Lanier, Jr., John J. Czura*, for appellee.

---

[1] Moreover, in the trial court, Connor provided no evidence that this matter was within the jurisdiction of a federal agency, which is required to trigger the provisions of 18 USC § 1001, and Connor abandoned this argument on appeal. Instead, he claimed without discussion that Kimbrell violated unspecified subsections of the Motor Vehicle Certificate of Title Act. He also maintained that Kimbrell violated OCGA § 10-1-372 of Georgia's Fair Business Practices Act, which generally applies to trademarks, but failed to demonstrate its application to this case. See, e.g., *Baker Realty Co. v. Baker*, 228 Ga. 766 (187 SE2d 850) (1972). We need not consider these arguments presented for the first time on appeal. *Bennett v. Williams Elec. Constr. Co.*, 215 Ga. App. 423 (1) (450 SE2d 873) (1994).