A01A0564. INTERSTATE NORTH SPORTING CLUB v. COBB COUNTY BOARD OF TAX ASSESSORS.
(551 SE2d 91)

POPE, Presiding Judge.

Interstate North Sporting Club appeals to this Court following the trial court's dismissal of its ad valorem property tax appeal. The trial court granted the Cobb County Board of Tax Assessors' motion to dismiss the appeal on the ground that the notice of appeal violated OCGA § 48-5-311 (g) (2) in that it was not filed by an attorney, but by a tax consulting firm. Because we find that there was no requirement that the notice of appeal be filed by an attorney, we reverse.

Interstate, an out-of-state entity, hired the independent tax consulting service of Easley, McCaleb & Associates (EMA) to act as its agent with regard to ad valorem taxes on real and personal property. In that regard, EMA filed an ad valorem tax return on behalf of Interstate in July 1994 reflecting an assessment of Interstate's property in the amount of $7.2 million. But the Cobb County Board of Tax Assessors assessed Interstate's property in the amount $8,063,920 for that year. EMA subsequently filed an appeal of that assessment on behalf of Interstate. After the Board of Tax Assessors determined that no change was required, it certified the matter to the Board of Equalization. Following a hearing, the Board of Equalization recommended that no change be made to the assessment and informed Interstate that it had the right to appeal the Board's decision to superior court.

On February 27, 1995, EMA sent a letter to the Board of Assessors asking that the findings of the Board of Equalization be certified to the Cobb Superior Court for appeal. The letter listed virtually the same grounds as listed in the original appeal to the Board of Tax

Assessors: "(1) the current valuation exceeds fair market value, (2) the property is not uniformly assessed to like and similar properties within the jurisdictional boundaries of Cobb County and (3) the tax assessment placed on the property is unconstitutional and in violation of the Fourteenth Amendment."

Two years later, on February 24, 1997, the Board of Assessors replied by letter to EMA requesting $65 as the superior court's filing fee. The Board certified Interstate's appeal to the superior court on April 21, 1997. This certification was the first filing made in superior court, followed over a week later by an entry of appearance by Douglas R. Haynie as counsel for the Board. That same day, Haynie served EMA with discovery requests directed to Interstate. At no time during this process did the Board object to Interstate's failure to hire an attorney to file the notice of appeal on its behalf. Moreover, EMA itself filed no pleadings with the superior court; instead, Interstate hired attorney Scott Tinnon to represent it in the court proceedings.

The matter was referred to mediation on June 25, 1997, and the mediation process continued through February 1998 with no resolution. In April 1998, the matter was again placed upon the superior court docket. Then, in October 1998, more than three and one-half years after EMA wrote the letter of appeal on behalf of Interstate and eighteen months after the appeal was originally certified, the Board filed its motion to dismiss on the ground that the appeal had been filed by a tax consultant and not an attorney in violation of OCGA § 48-5-311 (g). The trial court granted the motion on August 22, 2000, and this appeal followed.

OCGA § 48-5-311 (g) (1) states "[t]he taxpayer or, except as otherwise provided in this paragraph, the county board of tax assessors may appeal decisions of the county board of equalization . . . to the superior court of the county in which the property lies." The statute also provides that "[a]n appeal by the taxpayer as provided in paragraph (1) of this subsection shall be effected by mailing to or filing with the county board of tax assessors a written notice of appeal." OCGA § 48-5-311 (g) (2).

The Board argues that this language precludes a tax consulting firm such as EMA from filing a notice of appeal to superior court on behalf of its client. In making this argument the Board points to other language in the statute allowing a taxpayer to appear in an appeal before a board of equalization "in person, by his or her authorized agent or representative, or both." OCGA § 48-5-311 (e) (6) (A). The Board notes that no such language appears in OCGA § 48-5-311 (g). Rather, the subsection omits the term "representative" in stating whom the board of assessors may serve with a copy of the notice of certified appeal. Such service must be made upon "the taxpayer or

his or her attorney or agent of record." OCGA § 48-5-311 (g) (2).

This Court previously interpreted the language of OCGA § 48-5-311 in *Grand Partners Joint Venture I v. Realtax Resource*, 225 Ga. App. 409 (483 SE2d 922) (1997). There, we found that in OCGA § 48-5-311 (e) (6) (A), the General Assembly specifically authorized nonlawyers to appear before a board of equalization on behalf of a taxpayer. Id. at 411. In reaching this conclusion, we contrasted the legislature's use of the term "representative" in connection with the board of equalization proceedings, with the use of the term "attorney" in the service provisions of subsection (g) (2). Id. at 412. But we did not specifically address the portion of the statute dealing with the filing of the notice of appeal to superior court.

This Court, however, has previously addressed the validity of a notice of appeal to superior court filed by a tax consulting firm. In *DeKalb County Bd. of Tax Assessors v. Kendall, Inc.*, 164 Ga. App. 374 (295 SE2d 345) (1982), the county board first raised the issue of the insufficiency of the notice of appeal on the eve of trial. The opinion in that case did not address the appeal procedures set forth in the statute, but rather turned upon the timing of the board's objection. We held that the board could not first question the sufficiency of the notice in superior court. Id. at 375 (1). Instead, we held that the board should have refused to certify the appeal until the notices were amended. Id. at 376 (on rehearing). See also *Vaughters v. DeKalb County Bd. of Tax Assessors*, 198 Ga. App. 589, 590 (402 SE2d 340) (1991).

In *Kendall,* this Court relied upon a Supreme Court of Georgia decision holding that a board of assessors should not certify an inadequate notice of appeal *to the board of equalization* until any defects were amended. *Ledbetter Trucks v. Floyd County Bd. of Tax Assessors*, 240 Ga. 791, 792 (3) (242 SE2d 596) (1978). The *Kendall* opinion simply extended this finding, noting on rehearing that any difference between an appeal to the board of equalization and an appeal to superior court is "a distinction without a difference" in terms of the procedures the board of assessors should follow. *Kendall, Inc.*, 164 Ga. App. at 376.

But this reasoning has been undercut by more recent Supreme Court decisions. In *Fulton County Bd. of Tax Assessors v. Jones*, 264 Ga. 828 (452 SE2d 99) (1995), a board of tax assessors refused to certify a taxpayer's appeal to superior court because it concluded that the taxpayer had failed to exhaust its administrative remedies. The taxpayer filed a mandamus action to compel the board of assessors to certify his appeal. The Supreme Court held that OCGA § 48-5-311 gave the board of tax assessors no discretion to refuse to certify an appeal; rather, certification is mandatory. Id. at 829. See also *Fulton County Bd. of Tax Assessors v. Boyajian*, 271 Ga. 881 (1) (525 SE2d

687) (2000). Under this authority, therefore, the Board here was not authorized to demand an amendment before certifying Interstate's appeal, and thus, it could only raise the issue in superior court.

We must accordingly turn to the language of the statute to determine whether the trial court was correct in ruling that the notice in this case was insufficient. Pretermitting the issue of whether the Board here waived its defense of insufficiency by waiting over three and one-half years after the notice was filed to first raise it, we find that nothing in the language of the statute prohibits a tax consulting firm from writing a letter to the board of tax assessors requesting certification of an appeal to superior court.

In discussing the procedure for filing an appeal, the statute refers only to the "taxpayer." In fact, the language addressing the mechanics for filing the notice is written in the passive voice. It states that the appeal "shall be effected by mailing to or filing with the county board of tax assessors a written notice of appeal," OCGA § 48-5-311 (g) (2), but is silent on the matter of who must do the mailing or filing.

This creates an ambiguity that must be resolved in Interstate's favor. It is well settled that "when a taxing statute has doubtful meaning, it must be construed liberally in favor of the taxpayer and against the State." (Citation omitted.) *Telecom\*USA v. Collins*, 260 Ga. 362, 364 (1) (393 SE2d 235) (1990). That is because "revenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not, therefore, to be liberally construed; and hence, whenever there is a just doubt, that doubt should absolve the taxpayer from his burden." (Citations and punctuation omitted.) *Mystyle Hosiery Shops v. Harrison*, 171 Ga. 430, 431 (1) (155 SE 765) (1930). In this case, the ambiguous provision must be interpreted to allow a tax consulting firm to file the notice of appeal.

Further, nothing in the language of subsection (g) (2) requiring that the Board must serve the taxpayer or his attorney or agent of record with a copy of the notice of certified appeal affects this interpretation. One provision governs the procedures the taxpayer must follow, and the other sets forth the procedures the state must follow. Under the principle of statutory construction favoring the taxpayer, that *is* a distinction that makes a difference.

In addition, we find that EMA's simple filing of the notice did not constitute the unauthorized practice of law under *Eckles v. Atlanta Technology Group*, 267 Ga. 801 (485 SE2d 22) (1997). The Board is not a court of record but is rather a quasi-judicial administrative body created by the legislature. *Grand Partners*, 225 Ga. App. at 412. *Eckles* addressed only the representation of corporations in the courts of record in this state. As Justice Sears noted in her concurring opinion: "By permitting lay persons to serve as a corporation's

legal representative in courts not of record, the majority has prudently allowed corporations to be represented by non-lawyers in forums which include, among others: . . . administrative tribunals. . . ." *Eckles*, 267 Ga. at 806-807 (Sears, J., concurring specially). Here, EMA filed nothing in the superior court. The notice itself was filed with the Board as required by statute, and all court filings were made through Interstate's counsel.

Moreover, EMA simply reasserted in its letter to the Board the same grounds previously raised in its appeal before that Board and subsequently before the Board of Equalization. To the extent that the Board now argues that the nature of the grounds raised somehow constituted the unauthorized practice of law by EMA, it should have raised that issue and demanded an amended notice filed by an attorney before certifying the appeal to the Board of Equalization. *Ledbetter Trucks*, 240 Ga. at 792 (3). The Board of Equalization itself could have refused to hear the appeal on the grounds raised unless Interstate was represented by counsel. Id. But because the matter proceeded through the administrative appeal process without objection, the Board of Tax Assessors waived its right to assert that the arguments raised by EMA constituted the unauthorized practice of law. Id.

In sum, while a taxpayer may wish to consult an attorney prior to filing its notice of appeal to ensure that no legal grounds for appeal are omitted, we find nothing in Georgia law that requires the taxpayer to do so. This conclusion is in accord with the longstanding policy in this state that tax appeals should be decided on their merits and not on "procedural technicalities." *Ledbetter Trucks*, 240 Ga. at 791 (2). See also *Andrew v. DeKalb County Bd. of Tax Assessors*, 194 Ga. App. 274 (390 SE2d 115) (1990).

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JUNE 27, 2001 —

*Ragsdale, Beals, Hooper & Seigler, David K. Beals, Lisa F. Stuckey*, for appellant.

*Haynie, Litchfield & Crane, Douglas R. Haynie, Harbert S. Gregory, Jr.*, for appellee.

*Webb, Carlock, Copeland, Semler & Stair, Johannes S. Kingma*, amicus curiae.