**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

July 17, 2012

# In the Court of Appeals of Georgia

A12A1508. HALL COUNTY BOARD OF TAX ASSESSORS v. NORTHEAST GEORGIA HEALTH SYSTEM, INC.

ELLINGTON, Chief Judge.

Pursuant to a granted application for an interlocutory appeal, the Hall County Board of Tax Assessors ("the Board") challenges an order of the Superior Court of Hall County that gave the Northeast Georgia Health System, Inc., ("NGHS") leave to litigate the issues of the value of certain property and the uniformity of the tax digest in this de novo tax appeal. Because NGHS failed to present the issues of value and uniformity to the Hall County Board of Equalization ("BOE") for consideration in the underlying administrative tax matter, the superior court lacked subject matter jurisdiction to consider them. Consequently, we must reverse.

The record shows that, in 2009, NGHS applied to the Board for an exemption from ad valorem taxation on a 119.52-acre tract of land upon which it had constructed a medical office building. A tax appraiser determined that the building and associated improvements occupied approximately 13 acres of the tract. After reviewing NGHS's request, the Board granted tax exempt status to the "improvements and 15 acres of land." The Board concluded that the remaining 104.52 acres of undeveloped land "will remain taxable until bona fide improvements are built in the future." Thereafter, the Board issued a new notice of tax assessment for the non-exempt 104.52 acres. There is no evidence in the record demonstrating that the proportionate value of the non-exempt property was different than under the previous assessment. NGHS appealed the decision to the BOE, contending that the Board erred in granting tax exempt status to only 15 acres of land instead of the entire tract.

The BOE affirmed the Board's decision, finding "no change" and that "[t]he amount of exempt [acreage] stays the same." Although the BOE's standard, pre-printed order contained a pro-forma statement that the "Value Established by the Hall Count[y] Board of Assessors Meets all standards for Value and Uniformity as prescribed by law[,]" the BOE's members and secretary testified before the superior court that matters of valuation and uniformity were neither raised by NGHS nor

2

decided by the BOE and that the pro-forma language in the order was included in error. The only matter litigated and decided by the BOE was NGHS' effort "to get a tax-free status on some vacant property." NGHS appealed the decision of the BOE to the Superior Court of Hall County. In its notice of appeal, NGHS listed as additional grounds for appeal both value and uniformity. The Board filed a motion with the superior court to preclude consideration of those issues but on appeal; however, after a hearing, the court entered an order allowing NGHS to litigate the issues of value and uniformity.

In *Camp v. Boggs*, 240 Ga. 127 (239 SE2d 530) (1977), the Supreme Court of Georgia addressed whether an "appellant may raise the issue of uniformity for the first time in an appeal to the superior court." Id. at 127-128 (1). The Court held that "only those decisions of the Board of Equalization on questions presented to it or incident thereto may be relitigated in the superior court." (Citation omitted.) Id. at 128 (1). (Because appellant raised only a question of value before the Board of Equalization, she could not raise a new claim of uniformity for the first time on appeal to the superior court.) See also *Mundy v. Clayton County Tax Assessors*, 146 Ga. App. 473 (2) (246 SE2d 479) (1978) (accord); *DeKalb County Bd. of Tax Assessors v. Kendall, Inc.*, 164 Ga. App. 374, 375-376 (2) (295 SE2d 345) (1982) (physical precedent only)

3

(accord). This rule is consistent with the general requirement that litigants exhaust their administrative remedies before pursuing judicial action. See, e.g., *Chatham County Bd. of Assessors v. Jepson*, 261 Ga. App. 771, 771-772 (1) (584 SE2d 22) (2003) ("[T]ax questions should be resolved first at the local level through the appeal procedures created specifically for that purpose.") (footnote omitted).

In this case, there has only been one issue litigated since NGHS filed its initial application with the Board: Whether and to what extent the 119.52-acre tract was exempt from ad valorem taxation. NGHS did not dispute value and uniformity before the Board or the BOE, nor was it necessary to address such issues to resolve the question of the tract's eligibility for an ad valorem tax exemption. The resolution of this matter appears to turn on the construction of the applicable exemption, which the parties agree may be found in OCGA § 48-5-41 (a) (5),[1] and its application to the facts

---

[1] That Code section provides:

(A) All property of nonprofit hospitals used in connection with their operation when the hospitals have no stockholders, have no income or profit which is distributed to or for the benefit of any private person, and are subject to the laws of this state regulating nonprofit or charitable corporations;

(B) Property exempted pursuant to this paragraph shall not include

4

of this case. Consequently, the appeal before the superior court is limited to this issue, and the court is precluded from addressing issues pertaining to value and uniformity.

NGHS also argues, however, that it may litigate value and uniformity in the superior court because the Board, through its conduct,[2] waived its right to appeal those issues to the BOE and agreed to bring them before the superior, court pursuant to OCGA § 48-5-311 (g) (1). That Code Section provides: "By mutual written agreement, the taxpayer and the county board of tax assessors may waive an appeal to the county board of equalization and initiate an appeal under this subsection." Id. NGHS's argument is without merit because value and uniformity have *never* been litigated before the Board; hence, there was no Board decision concerning value and uniformity that could have been appealed to the BOE. Consequently, there was no

property of a nonprofit hospital held primarily for investment purposes or used for purposes unrelated to: (i) Providing of patient care; (ii) Providing and delivery of health care services; or (iii) Training and education of physicians, nurses, and other health care personnel[.]

[2] Specifically, NGHS argues that the Board, by certifying the initial appeal without objection, by allegedly negotiating with NGHS concerning the issues of valuation and uniformity, and by not objecting to NGHS's interlocutory appeal from the trial court's order denying its motion for summary judgment, waived its right to have those issues brought before the Board of Equalization.

appeal to the BOE on those issues that could have been waived by mutual agreement and initiated, instead, in the superior court, pursuant to the statute.

*Judgment reversed. Phipps, P. J., and Dillard, J., concur.*